OPINION
{¶ 1} Defendant-appellant, Thomas King Sims, appeals his conviction for unlawful sexual conduct with a minor and sexual battery. We affirm the trial court's decision.
 {¶ 2} On July 11, 2007, the West Chester Police Department was contacted by someone claiming there was a young girl yelling at man telling him to leave her alone.[1] While *Page 2 
investigating this event, the police were called by J.S.'s mother who claimed her daughter was running away. Soon after the police arrived, J.S. returned to her home which she shared with her mother, uncle, and appellant. When the police approached her to ask her what had transpired, she relayed the following story:
 {¶ 3} On October 27, 2006, appellant, 15-year-old J.S., and J.S.'s mother were drinking and J.S. became intoxicated to the point of sickness and dizziness. As a result, J.S. got into her pajamas and went to bed. The next morning she woke up and found her pajama bottoms and underwear on the floor and felt pain in her genital area. Later that day, she found a letter from appellant on her bed which purportedly said: "It was good. I hope we can do it again. I didn't take advantage of you, but your momma is in bad health." J.S. took the letter to her mother and suggested they contact the police because they had evidence as to something appellant had done. J.S.'s mother took the letter and either destroyed it or had it destroyed.
 {¶ 4} J.S. wrote out her statement and gave it to the police. She also testified to these events before a grand jury, but later recanted them in a letter to the prosecutor. The police then spoke to appellant, who admitted to having intercourse with J.S. that night. The police asked him to write out a statement of the events, however, appellant asked the police to write out his statement instead. After dictating the statement, appellant agreed to its contents and signed it. Appellant was subsequently arrested.
 {¶ 5} At trial, J.S. was called as the court's witness, and she recanted her oral and written statements to the police. She testified that her bed clothing was intact and she had no soreness. She also testified that appellant's letter was about conversations they had regarding appellant's sexual orientation. J.S. admitted that she made the statements to the police; however she stated she had lied because she believed appellant was too strict with her. *Page 3 
 {¶ 6} The state called Officer Gabbard to the stand in order to testify as to J.S.'s and appellant's statements. The state also called Officer Tombragel to testify as to appellant's statement. Appellant then took the stand and admitted he signed the statement, but claimed he was intoxicated at the time.[2] Appellant also stated he never had intercourse with J.S. Appellant did admit to leaving J.S. a letter of apology the next day but claimed it was because of a prior conversation they had about his sexuality, and a previous game of pool.
 {¶ 7} A jury found appellant guilty of unlawful sexual conduct with a minor, a violation of R.C. 2907.04(A), and sexual battery, a violation of R.C. 2907.03(A)(2). The trial court sentenced him to five years in prison. Appellant now appeals his conviction raising three assignments of error.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO EXCLUDE THE HEARSAY STATEMENTS OF THE VICTIM."
 {¶ 10} Appellant argues that the trial court erred in admitting J.S.'s out of court statements, via Officer Gabbard's testimony, as an excited utterance, because J.S. was not under the influence of the startling event. While we agree with appellant, to the extent the hearsay was not an excited utterance, we find that its admission was harmless error and did not rise to the level of prejudice required to reverse appellant's conviction.
 {¶ 11} A trial court has broad discretion in admitting or excluding evidence. State v. Brown (1996), 112 Ohio App.3d 583, 601, citingState v. Duncan (1978), 53 Ohio St.2d 215, *Page 4 
219. We review a trial court's decision to admit hearsay testimony pursuant to Evid. R. 803(2) in order to ascertain whether the court's "determination was reasonable or an abuse of discretion." Id. An abuse of discretion implies the trial court's decision was unreasonable, arbitrary, or unconscionable; and not merely an error of law or judgment. State v. Butcher, 170 Ohio App.3d 52, 2007-Ohio-118, ¶ 22.
 {¶ 12} Hearsay is generally inadmissible, unless it falls within the scope of an exception within the Rules of Evidence. State v.DeMarco (1987), 31 Ohio St.3d 191, 195; Evid. R. 802. One such exception is the excited utterance or res gestae. Evid. R. 803(2). A trial court may admit a hearsay statement into evidence under Evid. R. 803(2) "if it relates `to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.'"State v. Leonard, 104 Ohio St.3d 54, 2004-Ohio-6235, ¶ 94, quoting Evid. R. 803(2).
 {¶ 13} In order for a hearsay statement to qualify as an admissible excited utterance, there must have been some occurrence which was startling enough to produce a nervous excitement in declarant, sufficient to silence the declarant's reflective faculties thereby making the statement a spontaneous, unreflective and sincere expression of actual impressions and beliefs. State v. Taylor (1993),66 Ohio St.3d 295, 300, citing Potter v. Baker (1955), 162 Ohio St. 488, paragraph 2 of the syllabus.[3] Even if the statement is not strictly contemporaneous with the excitement, it must have been made before there was time for the nervous excitement to lose its domination over the declarant's reflective faculties, such that it continued to remain sufficient enough to make the statements both unreflective and sincere expressions of the declarant's actual impressions and beliefs. Id. at 301. Finally, the statement must have related to the startling occurrence, or the circumstances of *Page 5 
that occurrence, and the declarant must have had opportunity to personally observe the matters asserted in the statement or declaration. Id.
 {¶ 14} "There is no per se amount of time after which a statement can no longer be considered to be an excited utterance. The central requirements are that the statement must be made while the declarant is still under the stress of the event and the statement may not be a result of reflective thought." (Emphasis sic.) Id. at 303. "[T]he passage of time between the statement and the event is relevant but not dispositive of the question." Id. It is therefore axiomatic that "each case must be decided on its own circumstances, since it is patently futile to attempt to formulate an inelastic rule delimiting the time limits within which an oral utterance must be made in order that it be termed a spontaneous exclamation." Id. quoting State v. Duncan (1978),53 Ohio St.2d 215, 219-220.
 {¶ 15} While statements have been admissible after several hours, a number of days or a few weeks, even the most flexible interpretation would hardly find that J.S. was still under the stress of the October 27, 2006 events when she told the police what happened eight and a half months later. See, e.g., State v. Wallace (1988), 37 Ohio St.3d 87,90-91 (finding a statement was admissible after 15 hours); State v.Nitz, Butler App. No. CA2003-09-228, 2004-Ohio-6478, ¶ 24 (finding a statement admissible after one week); but, see, Butcher, 170 Ohio App.3d at ¶ 29-34 (finding statements made after two months were inadmissible as an excited utterance). Furthermore, merely because a victim is upset, as J.S. was in this case, "without [something] more does not meet the standard of admissibility under Evid. R. 803(2)." Butcher at ¶ 34. Therefore, the trial court erred in admitting the police officer's testimony, regarding J.S.'s July 11, 2007 statements, under the excited utterance exception to hearsay.
 {¶ 16} As we have determined that the testimony in question was admitted in error, we must next decide whether the trial court's error was harmless or prejudicial. State v. Bronner, *Page 6 
Summit App. No. CR 01 03 0568, 2002-Ohio-4248, ¶ 96. Because the United States Supreme Court has held that hearsay violates the Sixth Amendment, unless it is admissible under an exception or is otherwise found to be reliable, a reviewing court must usually find beyond a reasonable doubt that the error did not contribute to the verdict. State v. Johnson,71 Ohio St.3d 332, 339, 1994-Ohio-304, citing White v. Illinois (1992),502 U.S. 346, 356, 112 S.Ct. 736; Chapman v. California (1967), 386 U.S. 18,24, 87 S.Ct. 824.
 {¶ 17} However, in those cases "where a declarant is examined on the same matters as contained in impermissible hearsay statements and where admission is essentially cumulative, such admission is harmless."State v. Tomlinson (1986), 33 Ohio App.3d 278, 281. Thus, so long as the declarant is present in court, and is accorded the opportunity to deny having made the statements, admission of an impermissible hearsay statement is harmless error. Id.
 {¶ 18} J.S. was the first witness to testify. During examination, J.S. asserted that her statements to Officer Gabbard were complete fabrications. Officer Gabbard then testified as to what J.S. told him on July 11, 2007. Because J.S. was the declarant of the inadmissible hearsay statement testified to by Officer Gabbard, and she was examined on the same matter contained in Officer Gabbard's testimony, the admission of the hearsay statement was essentially cumulative. Therefore, the trial court's error in admitting the statement under the excited utterance exception was only harmless error. Appellant's first assignment of error is therefore overruled.
 {¶ 19} Assignment of Error No. 2:
 {¶ 20} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT ADMITTED TESTIMONY REGARDING A LETTER PURPORTEDLY WRITTEN BY APPELLANT TO THE VICTIM."
 {¶ 21} In his second assignment of error, appellant argues the trial court erred in *Page 7 
allowing J.S. and Officer Gabbard to testify about the letter appellant wrote to J.S. because the testimony's probative value was outweighed by its prejudice and the testimony violated the requirements of the best evidence rule. We find no merit to appellant's arguments.
 {¶ 22} As noted above, "the admission or exclusion of evidence is generally within the sound discretion of the trial court and a reviewing court may reverse only upon the showing of an abuse of that discretion."Anderson v. Anderson, 147 Ohio App.3d 513, 529, 2002-Ohio-1156, ¶ 92;State v. Coulter (1992), 75 Ohio App.3d 219, 227.
 {¶ 23} The admissibility of evidence is predicated on whether or not the evidence is relevant. Evid. R. 402. Evidence is relevant where it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid. R. 401. Therefore, the test for relevancy is a broad examination of the evidence. State v. Hale,119 Ohio St.3d 118, 2008-Ohio-3426, ¶ 70. However, even relevant evidence may not be admitted where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or of misleading the jury." Evid. R. 403.
 {¶ 24} In State v. Hunt, Franklin App. No. 06AP-1155, 2007-Ohio-3281, the Tenth Appellate District faced a similar argument. In Hunt the defendant, who was on trial for domestic violence, wrote a letter to the victim wherein he apologized for having "hurt" her. Id. at ¶ 1, 6. The defendant in Hunt argued "the probative value of the letter was substantially outweighed by the prejudice of the implication that arose from its contents, particularly that appellant was apologizing for assaulting [the victim] when other inferences from the apology could be drawn." Id. at ¶ 8. The "[defendant-a]ppellant claim[ed], although he allud[ed] to hurting her in the letter, it is not clear that he [wa]s apologizing for physically hurting her." (Emphasis sic.) Id. TheHunt court found the letter was relevant because the statements could tend to make it more probable that the appellant assaulted the victim. Id. at ¶ 9. While *Page 8 
the Tenth District recognized a possible alternate interpretation, that in and of itself, did not render the letter inadmissible, as "Evid. R. 403(A) relates to admissibility, not credibility, weight, orevidentiary interpretation." Id. at ¶ 10. (Emphasis added.) TheHunt court found that the jury was able to weigh the competing inferences from the different interpretations, and as such the letter was a "relevant and highly probative" piece of evidence. Id. Finally, the Tenth District noted the defendant was unable to demonstrate the prejudice needed to outweigh the probative value, finding "[e]vidence is not `unfair' merely because it is detrimental to one side of the case. Evid. R. 403(A) deals with unfair prejudice, not prejudice in general, as the purpose of most of a prosecutor's evidence is to incriminate the defendant and is, thus, prejudicial to him." Id. at ¶ 11.
 {¶ 25} Both J.S. and appellant admitted there was a letter of apology written by appellant to J.S. While the letter no longer exists, J.S., Officer Gabbard and even appellant testified as to the contents of the letter. The letter was highly relevant as one interpretation could have been that appellant was apologizing for having intercourse with J.S. since it was written and delivered to J.S. on the day following the incident. While we are cognizant that the contents of the letter, as testified to by the witnesses, were solely based on memory and could have been interpreted as an apology completely unrelated to the events of October 27, 2006, we cannot find that the court abused its discretion in admitting the testimony. Like the letter in Hunt, appellant's letter was relevant and its probative value was not outweighed by unfair prejudice to appellant especially since appellant also testified as to its contents. See, also, State v. Stuart (Apr. 4, 2001), Summit App. No. 20111, 2001 WL 324387 at *7.
 {¶ 26} Generally, admission of the contents of a document requires that the original writing be available. Evid. R. 1002. This "best evidence rule" has several exceptions, including the admissibility of other evidence where the original is lost or destroyed, so long as the original was not lost or destroyed, in bad faith, by the proponent of the evidence. *Page 9 
Evid. R. 1004(1). The best evidence rule, "does not exclude all but the primary evidence of a fact; it requires only that the best evidence available be produced, whether it be primary or secondary." City of Centerville v.Locker (Dec. 2, 1981), Montgomery App. No. 6835, 1981 WL 5355 at * 4, quoting 21 Ohio Jurisprudence 2d, 274, Evidence, Section 256. Therefore, "[d]irect testimony as to the content of a writing is appropriate when the original is lost or destroyed." Stuart at *6.
 {¶ 27} In Stuart, the Ninth Appellate District also dealt with a best evidence argument for a lost writing. A letter was found by the child rape victim's father, at the home of his brother the defendant, which contained inculpatory statements written by the defendant, that he exploited children. The letter was lost before trial, but the child's father was permitted to testify as to its contents. The Ninth District found that because the letter was lost, "any evidence of content was admissible at trial" and the direct testimony of the child's father was "in harmony with Evid. R. 1004." Id.
 {¶ 28} In this case, the original letter which appellant wrote to J.S. was no longer available. J.S. gave the letter to her mother that day and her mother destroyed or allowed the letter to be destroyed. There is also no evidence of any bad faith on the part of the state, who was the proponent of the admission of the letter's contents during trial. Thus, testimony by J.S. and Officer Gabbard as to the contents of the letter was entirely proper according to Evid. R. 1004(1) and was the best evidence available at trial, since the letter was no longer in existence.
 {¶ 29} Because the trial court did not abuse its discretion in admitting the contents of the letter, appellant's second assignment of error is hereby overruled.
 {¶ 30} Assignment of Error No. 3:
 {¶ 31} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO ALLOW HIM TO EXPLAIN HIS SEXUAL *Page 10 
ORIENTATION TO THE JURY."
 {¶ 32} Appellant argues in his third assignment of error that the trial court erred in applying R.C. 2907.02(D) in not allowing him to testify that he was bisexual or homosexual in order to negate his intent and/or desire to have sexual relations with J.S. We agree that the trial court erred when it applied R.C. 2907.02(D) in prohibiting appellant's testimony regarding his sexual orientation; however, the error was harmless and does not require reversal of his conviction.
 {¶ 33} As previously noted, [t]he admission or exclusion of relevant evidence rests within the sound discretion of the trial court."State v. Sage (1987), 31 Ohio St.3d 173, 180. Therefore, the trial court's decision to admit or exclude evidence will not be reversed absent an abuse of discretion. State v. Bell, 176 Ohio App.3d 378,2008-Ohio-2578, ¶ 40.
 {¶ 34} While an accused has a constitutional right to a trial free from prejudicial error, that does not necessarily mean that a trial will be free from all error. State v. Brown, 65 Ohio St.3d 483, 485,1992-Ohio-61. Even where a trial court errs by failing to admit otherwise admissible evidence, the error is harmless so long as the error did not contribute to appellant's conviction. See State v.Reed, 155 Ohio App.3d 435, 2003-Ohio-6536, ¶ 32, citing State v.Bayless (1976), 48 Ohio St.2d 73, paragraph seven of the syllabus (vacated in part on other grounds by (1978), 438 U.S. 911,98 S.Ct. 3135); see, also, State v. Young, Montgomery App. No. 19328, 2003-Ohio-1254, ¶ 32; Crim. R. 52(A). Thus, harmless error is appropriate where there is "overwhelming evidence or guilt" or "some other indicia that the error did not contribute to the conviction." State v.Ferguson (1983), 5 Ohio St.3d 160, 166, fn. 5.
 {¶ 35} Under R.C. 2907.02(D), evidence of a defendant's sexual activity may not be admitted in a rape trial unless the evidence concerns: the origin of semen, pregnancy or disease; the defendant's past sexual history with the victim; or is admissible against the *Page 11 
defendant under R.C. 2945.59 (dealing with proof of motive, intent, etc.). R.C. 2907.02(D) has no application, however, to a defendant on trial for unlawful sexual conduct with a minor or sexual battery. See, e.g. State v. Smiddy, Clark App. No. 06CA0028, 2007-Ohio-1342, ¶ 34
(finding the rape shield statute inapplicable to unlawful sexual conduct with a minor); State v. Holland (Oct. 14, 1987), Lorain App. No. 4193,1987 WL 18680 at *4, (finding the rape shield statute does not apply to sexual battery). Therefore, the trial court erred in relying on the statute when it proscribed appellant's testimony regarding his sexual orientation.
 {¶ 36} The trial court's error was harmless, however, because the jury had evidence of appellant's sexual orientation throughout the trial. J.S. and appellant both testified that they had conversations regarding his sexuality and homosexual thoughts. J.S. also testified that the apology letter appellant wrote her had something in it about appellant being gay. In addition, J.S. stated she was upset when her mother took the letter, because her mother and appellant had been in a relationship for 14 years and appellant indicated in the letter that he "want[ed] to turn gay." Both appellant and J.S. testified that although appellant shared a bedroom with J.S.'s mother, they had separate beds. Finally, appellant testified that he was bisexual. Although the trial court did not allow appellant to testify as to his sexual orientation on direct examination, the jury was certainly aware that appellant had homosexual thoughts and/or feelings. Despite the jury's knowledge of appellant's sexual orientation, it still convicted him of unlawful sexual conduct with a minor and sexual battery. We cannot say that the addition of further testimony on the subject would have led to a different result, and as such the error was harmless.[4] Therefore, appellant's third assignment of error is *Page 12 
overruled.
 {¶ 37} Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.
[1] It was later determined that the girl was J.S. and the man who was yelling was appellant.
[2] Three witnesses testified that appellant was intoxicated at the time he made his statement to the police. However, both police officers testified that there were no indications (odor, slurred speech, unsteadiness, etc.) that appellant was intoxicated when he gave his statement to the police.
[3] "[The Supreme Court of Ohio] ha[s] continued to follow thePotter criteria since adoption of the Rules of Evidence."Taylor at f n. 2.
[4] We also note that the error was harmless because introduction of such testimony would most likely be prohibited as the evidence could lead to a confusion of the issues, or mislead the jury. Evid. R. 403(A); see, also, State v. Tillman (1997), 119 Ohio App.3d 449, 460 (finding no relevance to evidence of defendant's homosexuality in the rape of his niece). This is especially true in this case where the appellant has been in a relationship with a woman for 14 years, fathered five children with four other women, and upon release from prison had every intention of marrying J.S.'s mother. *Page 1