[Cite as *State v. Isham*, 2014-Ohio-1689.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO, :

Plaintiff-Appellee, :

- vs - :

MARIO ISHAM, :

Defendant-Appellant. :

CASE NO. CA2013-07-123

O P I N I O N
4/21/2014

CRIMINAL APPEAL FROM MIDDLETOWN MUNICIPAL COURT
Case No. 13CRB02457

Ashley Bretland, Middletown City Prosecutor, Susan H. Cohen, One Donham Plaza, Middletown, Ohio 45042, for plaintiff-appellee

Matthew Dixon, 16 North Main Street, P.O. Box 44933, Middletown, Ohio 45044, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Mario Isham, appeals his convictions in the Middletown Municipal Court for two counts of aggravated menacing. For the reasons stated below, we affirm the decision of the trial court.

{¶ 2} On May 9, 2013, Isham was arrested for his alleged involvement in a disturbance between himself, Mariah Bush, and Scott Ballard. Isham was charged with two

counts of aggravated menacing in violation of R.C. 2903.21.

{¶ 3} A bench trial was held on October 14, 2013 where several witnesses testified regarding the incident. Bush and Ballard testified that on May 9, 2013, Isham came to their home on Vance Street twice and threatened to harm their family on each occasion. During the second incident, Isham threatened them with a gun. Middletown Police Officer Ken Mynhier also testified and explained that he was an investigating officer at the scene. Mynhier stated that during his investigation he spoke to Jamal Grant, who had allegedly witnessed the second incident. Grant provided Mynhier with a statement and Mynhier testified to the contents of this statement. Isham's attorney objected to the admission of the testimony on the basis that it was inadmissible hearsay. The court overruled the objections and allowed the testimony.

{¶ 4} At the conclusion of trial, the court found Isham guilty of both counts of aggravated menacing. In regards to finding Isham guilty, the court reasoned,

> Well I think the issue's clear. Either Ms. Bush and Mr. Ballard are liars or Mr. Isham's a liar so it's one or the other. I can't really consider some of the officer's testimony because it was hearsay so I believe the complainants are telling the truth. I think that Mr. Isham did threaten 'em. * * * But I think he did so I'll make a finding of guilty in both cases. * * *

Isham was sentenced to ten days in jail on each charge, to be served consecutively.

{¶ 5} Isham now appeals, asserting a sole assignment of error:

{¶ 6} THE TRIAL COURT ERRED BY OVERRULING DEFENDANT'S TRIAL COUNSEL'S OBJECTION TO THE ADMISSION OF THE HEARSAY STATEMENT OF JAMAL GRANT REFERENCED IN THE TESTIMONY OF OFFICER MYNHIER.

{¶ 7} As a preliminary matter, the state argues this appeal should be dismissed because it was not timely filed. The state contends Isham's notice of appeal was untimely because it was filed on July 15, 2013, 31 days after the judgment entry of conviction. App.R.

3(A) provides that "an appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4." Pursuant to App.R. 4(A), a notice of appeal must be filed within 30 days of the entry of the judgment or order sought to be appealed.

{¶ 8} Isham's judgment entry of conviction is dated June 14, 2013. The notice of appeal filed by Isham contains two time stamps. The first time stamp indicates the notice was filed on June 19, 2013 in the Middletown Municipal Court. The second time stamp states that the notice was filed on July 15, 2013 in the Butler County Clerk of Courts and Butler County Court of Appeals. Pursuant to App.R. 3, Isham was only required to file his notice of appeal with the *clerk of the trial court* within 30 days of the judgment entry. Therefore, Isham's appeal is timely as he filed his notice of appeal with the clerk of the trial court, the Middletown Municipal Court, within the time specified by App.R. 3(A) and 4(A). *See* App.R. 3(E) (failure of trial court clerk to serve notice of appeal to appellate clerk does not affect the validity of the appeal).

{¶ 9} We now turn to the merits of the appeal. Isham challenges the admission of Officer Mynhier's testimony regarding Grant's statement. Isham maintains that this statement was inadmissible hearsay and prejudicial. Specifically, Isham contends that the admission of Grant's statement was prejudicial because the case turned solely on the credibility of the witnesses at trial and the statement bolstered the other witnesses' credibility. Isham also argues that the trial court's discussion of the statement shows that it considered it in evaluating the credibility of the witnesses.

{¶ 10} "It is well-established that the admission or exclusion of evidence rests within the sound discretion of the trial court." *State v. Jones*, 12th Dist. Butler No. CA2012-04-077, 2013-Ohio-654, ¶ 54; *Beard v. Meridia Huron Hosp.*, 105 Ohio St.3d 237, 2005-Ohio-4787, ¶ 20. Absent an abuse of discretion, an appellate court will not disturb a trial court's ruling as

to the admissibility of evidence. *State v. Issa*, 93 Ohio St.3d 49, 64 (2001).

{¶ 11} According to Evid.R. 801(C), hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is not admissible unless it falls within one of the permissible hearsay exceptions. Evid.R. 802.

{¶ 12} At trial, Officer Mynhier testified that after the disturbance, Isham was located and arrested at Grant's home. Mynhier interviewed Grant about the incident. Mynhier testified,

> Umm [Grant] had stated to me that Mr. Isham had told him that there was some stuff going on over on Vance Street and that he needed a ride back over there. He said that [Isham] got out of the vehicle with the pellet gun that we recovered, but he did not see or hear what happened after Mr. Isham had got out of his vehicle, but he did drive him to Vance Street.

Mynhier also testified that Grant stated that Isham got out of the vehicle at Vance Street with a gun, which Grant later identified as the gun recovered by police.

{¶ 13} The state concedes and we agree that the statement made by Grant to Officer Mynhier was hearsay. Grant's statement was made out-of-court and Officer Mynhier testified to the contents of that statement. The statement was offered for its truth as it was to provide further evidence that Isham went to the home of Bush and Ballard with a gun to threaten them. Therefore, the statement constituted inadmissible hearsay and the court abused its discretion in its admission.

{¶ 14} As we have determined that the testimony in question was admitted in error, we must next decide whether the trial court's error was harmless or prejudicial. *State v.Sims*, 12th Dist. Butler No. CA2007-11-300, 2009-Ohio-550, ¶ 16. The Confrontation Clause of the United States Constitution prohibits the admission of a testimonial, out-of-court statement made by a witness unless the witness is unavailable and the defendant had a prior

- 4 -

opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354 (2004).

{¶ 15} However, the admission of a statement in violation of the Confrontation Clause is harmless if the reviewing court finds beyond a reasonable doubt that the error did not contribute to the verdict. *Sims* at ¶ 16, citing *State v. Johnson*, 71 Ohio St.3d 332, 339 (1994). Error is harmless if there is no reasonable possibility that the evidence may have contributed to the accused's conviction. *State v. Burden*, 5th Dist. Stark No. 2012-CA-00074, 2013-Ohio-1628, ¶ 66, citing *State v. Lytle*, 48 Ohio St.2d 391 (1976), paragraph three of the syllabus, *vacated on other grounds*, 438 U.S. 910, 98 S.Ct. 3135 (1978). There must be other overwhelming evidence of guilt or some other indicia that the error did not contribute to the conviction. *Harrington v. California*, 395 U.S. 250, 254, 89 S.Ct. 1726, 1728 (1969); *State v. Ferguson*, 5 Ohio St.3d 160, 166 (1983), fn. 5.

{¶ 16} While the admission of Grant's statement was error, the error was harmless as the record established beyond a reasonable doubt that the statement did not contribute to the convictions. Although, the trial court initially allowed Officer Mynhier's testimony regarding Grant's statement, the record indicates that the court ultimately determined that some of Mynhier's testimony was hearsay and properly excluded it when making its guilty determination. At the conclusion of the trial, the court specifically stated that it disregarded "some of the officer's testimony because it was hearsay." This statement clearly referred to Officer Mynhier's testimony regarding Grant's statement as this was the only objection defense counsel made on the basis of hearsay.

{¶ 17} Additionally, the remaining evidence constitutes overwhelming proof of Isham's guilt. The testimony of Bush and Ballard regarding Isham's actions on May 9, 2013 were consistent. Their testimony that Isham used a gun to threaten their family during the second incident was corroborated by the gun found at the home where Isham was arrested. While

Bush and Ballard both identified the gun as a "shot gun" and the weapon recovered from the scene was a "bb gun," Officer Mynhier explained that the "bb gun" recovered could resemble a shot gun. Accordingly, we do not find that the hearsay testimony contributed to Isham's convictions as it appears the trial court disregarded such testimony and there was overwhelming evidence to support his convictions.

{¶ 18} Isham's sole assignment of error is overruled.

{¶ 19} Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.