[Cite as *Caramico v. Caramico*, 2015-Ohio-4232.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| BRANDY CARAMICO, | : | |
| Petitioner-Appellee, | : | CASE NO. CA2015-03-025 |
| | : | O P I N I O N |
| - vs - | | 10/13/2015 |
| | : | |
| MICHAEL CARAMICO III, | : | |
| Respondent-Appellant. | : | |

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 2014 DRH 01232

Keller, Barrett & Higgins, LLC, Tina Barrett, 1055 St. Paul Place, Suite 145, Cincinnati, Ohio 45202, for petitioner-appellee

Michael Caramico III, 1466 U.S. Route 50, Milford, Ohio 45150, respondent-appellant, pro se

**RINGLAND, J.**

{¶ 1} Respondent-appellant, Michael Caramico (Husband), appeals pro se from the decision of the Clermont County Court of Common Pleas, Domestic Relations Division, granting the petition of petitioner-appellee, Brandy Caramico (Wife), for a domestic violence civil protection order (DVCPO). For the reasons detailed below, we affirm.

{¶ 2} On October 7, 2014, Wife filed for a DVCPO seeking protection from Husband,

her estranged husband. Wife alleged that Husband had sexually abused her daughter from a prior relationship and had been acting erratically and making threats, causing her to fear for her physical safety. The magistrate denied an order for an ex parte DVCPO, but scheduled a full hearing on the matter.

{¶ 3} On October 21, 2014, the parties appeared before the magistrate for a final hearing. At the hearing, both parties were represented by counsel and the trial court heard relevant testimony on the DVCPO petition. However, because of a scheduling conflict, the case was continued in progress until November 14, 2014. At the beginning of the November 14 hearing, Husband stated that he no longer wanted his counsel to represent him. After being advised that he may have to proceed without counsel, Husband agreed to dismiss his counsel.

{¶ 4} Subsequently, Husband asked for a continuance, claiming that he retained another attorney. The magistrate denied Husband's request for a continuance, noting that no counsel had filed a notice of appearance or substitution of counsel and Husband had ample time to secure counsel and provide the court notice of his decision. Thereafter, the hearing continued with neither party introducing additional evidence on the disputed issues in this matter.

{¶ 5} Following the conclusion of the November 14 hearing, the magistrate determined that Husband had committed domestic violence toward Wife by virtue of having violated R.C. 2903.211(A), menacing by stalking, and issued a DVCPO. Husband filed objections to the magistrate's decision, which the trial court overruled. Husband now appeals the decision of the trial court raising four assignments of error for review. For ease of discussion, we address Husband's assignments of error out of order.

{¶ 6} Assignment of Error No. 2:

{¶ 7} THE TRIAL COURT ERRED BY DENYING ME TWO CONTINUANCES [sic]

- 2 -

FOR JUST CAUSE.

{¶ 8} In his second assignment of error, Husband alleges the trial court erred by denying his two requests for a continuance: (1) a request for a continuance filed prior to the November 14 hearing, in which Husband alleged that he had travel plans to Punta Cana; and (2) an oral request for a continuance he requested on the date of the November 14 hearing to allow for new counsel to represent him. Husband claims both requests were supported by "good cause" and therefore the trial court abused its discretion. We find Husband's claims to be without merit.

{¶ 9} The grant or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial court. *Black v. Black*, 12th Dist. Clinton No. CA2008-06-022, 2009-Ohio-92, ¶ 11, citing *State v. Unger*, 67 Ohio St.2d 65, 67 (1981). We will not reverse the denial of a continuance absent an abuse of the trial court's discretion. *Id.* An abuse of discretion is more than an error of law or judgment; it implies the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Roetting v. Roetting*, 12th Dist. Butler No. CA2014-06-128, 2015-Ohio-2461, ¶ 42.

{¶ 10} In determining whether a trial court abused its discretion in denying a motion for a continuance, an appellate court should consider the following factors: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to witnesses, opposing counsel, and the court; (4) whether there is a legitimate reason for the continuance; (5) whether the defendant contributed to the circumstances giving rise to the need for the continuance, and (6) other relevant factors, depending on the unique facts of each case. *Black* at ¶ 12; *Kirkpatrick v. Kirkpatrick,* 5th Dist. Tuscarawas No. 2014AP050018, 2015-Ohio-427, ¶ 22.

### A. Continuance For Vacation

{¶ 11} Initially, Husband claims the trial court erred by denying his request for a

continuance because of his conflicting vacation schedule. As previously noted, prior to the hearing, Husband filed his request with the trial court stating that he had a family wedding planned and was unable to get a refund on his travel plans. The trial court denied Husband's request and the parties appeared at the November 14 hearing as originally scheduled.

{¶ 12} After reviewing the record, we find the trial court did not abuse its discretion in denying Husband's request for a continuance. In the present case, the parties both agreed to schedule the final hearing on November 14 as a continuation from the original hearing. The issues involved, specifically, the issuance of a DVCPO, were of great importance requiring the prompt attention of the parties and the trial court. To the contrary, Husband's schedule, whether to attend a vacation or a family wedding, does not constitute a "legitimate reason" to continue this matter considering all of the other relevant factors present in this case. Simply stated, the trial court's decision to deny Husband's request was a matter of discretion for the trial court. It is well-established that a trial court has discretion to manage its own docket. *In re J.T.S.*, 12th Dist. Preble No. CA2014-09-009, 2015-Ohio-364, ¶ 13, citing *Paramount Parks, Inc. v. Admiral Ins. Co.*, 12th Dist. Warren No. CA2007-05-066, 2008-Ohio-1351, ¶ 37 (reiterating that "[i]t is well-settled that a trial court has the inherent power to control its own docket and the progress of the proceedings in its court"). Moreover, although Husband may have been unable to attend a vacation or family wedding based on the timing of the trial dates, we note that the denial of his motion to continue did not impact the ultimate resolution of the legal proceedings relevant to this matter. As a result, we find the trial court did not abuse its discretion by denying Husband's initial request for a continuance.

### B. Continuance For Substitute Counsel

{¶ 13} Husband next claims the trial court erred by denying his oral request for a continuance to allow for a substitution of trial counsel. As previously noted, Husband retained counsel who appeared at the initial hearing held on October 21 and presented

evidence and cross-examined Wife's witnesses. Since the parties could not complete the trial testimony in one day, the matter was reconvened on November 14. At that hearing, Husband informed the trial court of his intention to dismiss his present counsel. At that point, the trial court advised Husband that if he dismissed his counsel, he would be required to continue without counsel. Husband affirmatively stated that he understood and stated that he wished to proceed without counsel. Specifically, the following interaction took place:

> THE COURT: Okay, so let me confirm what the attorneys told me before you all came in which was essentially, [Husband], that you do not want [trial counsel] to represent you anymore, is that right?
>
> HUSBAND: Correct.
>
> COURT: Okay, so…just so we're clear I'm going to let him leave and he's no longer representing you. I don't want you…however, * * * at this point you may have to continue with this hearing without an attorney. Are we straight about that?
>
> HUSBAND: Yeah.

Shortly thereafter, Husband requested a continuance on the basis that he had obtained substitute counsel. The trial court denied Husband's request after confirming that Husband had made no attempt to inform the trial court of this development until the day of the hearing.

{¶ 14} Upon review of the record, we find the trial court did not abuse its discretion in denying Husband's request for a continuance. Generally, where a party fails to timely retain substitute counsel just prior to the date of trial, a subsequent request for a continuance based on a substitution of counsel is not an adequate ground for a continuance. *Rothwell v. Rothwell*, 12th Dist. Warren No. CA2000-06-051, 2001 WL 502982, *2 (May 14, 2001) ("a judge's denial of a continuance because of counsel's unpreparedness is not an abuse of discretion if the unpreparedness was avoidable").

{¶ 15} Here, Husband had sufficient opportunity to inform the court of his decision to obtain substitute counsel, but instead chose to bring this issue to the trial court's attention on

the day of the final hearing. By failing to inform the court of this development, Husband contributed to the circumstance and the trial court may well have found that Husband was requesting a continuance to delay the conclusion of the proceedings. Accordingly, we find the trial court did not abuse its discretion in denying Husband's request for a continuance to allow for a substitution of trial counsel.

{¶ 16} In light of the foregoing, since we have found no error in the trial court's denial of Husband's requests for continuances, we find Husband's second assignment of error is without merit and overruled.

{¶ 17} Assignment of Error No. 1:

{¶ 18} THE TRIAL COURT ERRED BY DENYING [HUSBAND'S] RIGHT TO DUE PROCESS TO BE REPRESENTED BY AN ATTORNEY.

{¶ 19} In his first assignment of error, Husband alleges he was denied due process "to be represented by an attorney." Essentially, Husband suggests that the trial court's denial of his request for a continuance deprived him of his right to counsel. However, an action for a DVCPO brought pursuant to R.C. 3113.31 is a civil proceeding, and there is no attendant right to counsel in a civil action. *Butcher v. Stevens*, 182 Ohio App.3d 77, 2009-Ohio-1754, ¶ 13 (4th Dist.) (respondent waived the right to retain counsel and decided to proceed unrepresented); *see Gomez v. Dyer*, 7th Dist. Noble No. 07NO342, 2008-Ohio-1523, ¶ 20 ("a civil protection order under R.C. 3113.31 is a civil proceeding, with no attendant right to counsel"), citing *State v. Gordon*, 10th Dist. Franklin No. 03AP-490, 2003-Ohio-6558, ¶ 13; *Schottenstein v. Schottenstein*, 10th Dist. Franklin No. 02AP-842, 2003-Ohio-5032, ¶ 7. Moreover, as noted above, Husband's argument is particularly unpersuasive considering the record in this case and the fact that Husband voluntarily chose to proceed without counsel after being apprised of the possible consequences. Accordingly, we find Husband was not denied the right to counsel and his first assignment of error is overruled.

{¶ 20} Assignment of Error No. 3:

{¶ 21} THE TRIAL COURT ERRED WHEN THE MAGISTRATE DETERMINED, AS A MATTER OF FACT, THAT [HUSBAND] ENGAGED IN A PATTERN OF CONDUCT THAT HE KNEW WOULD CAUSE PHYSICAL HARM OR MENTAL DISTRESS TO [WIFE].

{¶ 22} Assignment of Error No. 4:

{¶ 23} THE TRIAL COURT ERRED WHEN THE MAGISTRATE STATED THE COURT FURTHER FINDS BY A PREPONDERANCE OF THE EVIDENCE THAT [WIFE] OR [WIFE'S] FAMILY HAVE BEEN A VICTIM OF DOMESTIC VIOLENCE OR SEXUALLY ORIENTED OFFENSES AS DEFINED IN R.C. 3113.31 (A) COMMITTED BY [HUSBAND].

{¶ 24} In his third and fourth assignments of error, Husband challenges the trial court's issuance of a DVCPO against him.  Specifically, in both assignments of error, Husband alleges that his conduct did not satisfy the elements to support a finding of domestic violence. We find Husband's assignments of error to be without merit.

{¶ 25} A petition for a DVCPO is governed by R.C. 3113.31.  *Crawford v. Bandon*, 12th Dist. Butler Nos. CA2013-08-150 and CA2013-08-151, 2014-Ohio-3659, ¶ 6. Pursuant to that statute, in order to obtain a DVCPO, the petitioner must prove by a preponderance of the evidence that the respondent has engaged in an act of domestic violence against petitioner or petitioner's family or household members. *McBride v. McBride*, 12th Dist. Butler No. CA2011-03-061, 2012-Ohio-2146, ¶ 12.  As defined by R.C. 3113.31(A)(1), the phrase "domestic violence" means the occurrence of one or more of the following acts against a family or household member:

> (a) Attempting to cause or recklessly causing bodily injury;
>
> (b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 [menacing by stalking] or 2911.211 [aggravated trespass] of the Revised Code;

(c) Committing any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 of the Revised Code;

(d) Committing a sexually oriented offense.

{¶ 26} A trial court's decision to deny or grant a DVCPO will not be reversed where such decision is supported by the manifest weight of the evidence. *Hyde v. Smith*, 12th Dist. Butler No. CA2014-09-193, 2015-Ohio-1701, ¶ 13. Under a manifest weight challenge, this court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *Id.* A judgment will not be reversed as being against the manifest weight of the evidence where the judgment is supported by some competent, credible evidence going to all essential elements of the case. *Crawford* at ¶ 7.

{¶ 27} At the outset, we note the arguments raised in Husband's brief are misplaced. In issuing the DVCPO, the trial court specifically found Husband had violated R.C. 2903.211, the act of menacing by stalking, which constituted domestic violence under R.C. 3113.31. In relevant part, R.C. 2903.211(A)(1) provides, "[n]o person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." Accordingly, Husband's argument that he did not commit the other acts contained in R.C. 3113.31, i.e., through the commission of acts of sexual abuse or by placing another person in fear of imminent serious physical harm, is without consequence as the trial court determined that Husband satisfied the relevant statute through his conduct constituting the act of menacing by stalking.

{¶ 28} Furthermore, upon our review of the record, we find the trial court's determination that Husband engaged in the act of menacing by stalking was supported by the weight of the evidence. Here, the trial court heard testimony that Husband has engaged in a

pattern of harassment through email, text message, and postings on social media. The messages sent by Husband often reference religious scripture focused on wrath, destruction, and violence. Wife testified that the references to religious scripture are related to Husband's claims that she is not following "God's law" by refusing to reconcile their marriage and forgive him for his previous actions, which includes allegations of sexual improprieties involving Wife's minor daughter. Furthermore, Wife explained that Husband claims that she is controlled by Satan. During one such exchange, Husband informed Wife that "God has already shown me the outcome of this in a dream and it doesn't end well for you." As a result of Husband's harassment, Wife stated that she is in fear of her life and has lost nearly 60 pounds as a result of the anxiety and fear.

{¶ 29} Although Husband denies that he committed any form of domestic abuse, the trial court, as trier of fact was in the best position to weigh the credibility of the witnesses. *McDaniel v. McDaniel*, 12th Dist. Warren No. CA2002-06-054, 2002-Ohio-6111, ¶ 10, (in reviewing an order granted under R.C. 3113.31, "[t]he trial court is in the best position to view the witnesses and observe their demeanor so as to weigh the credibility of their testimony"). Here, Wife's testimony, if believed, established that Husband engaged in a pattern of conduct that knowingly caused her mental distress as prohibited by R.C. 2903.211(A)(1), and placed her in fear of serious physical harm. Accordingly, we find the trial court did not err in issuing the DVCPO. Husband's third and fourth assignments of error are without merit and overruled.

{¶ 30} Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.