[Cite as *Cornell v. Hatfield*, 2018-Ohio-549.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| ASHLEY CORNELL, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-03-006 |
| | : | O P I N I O N |
| - vs - | | 2/12/2018 |
| | : | |
| NICHOLAS HATFIELD, | : | |
| Defendant-Appellant. | : | |


APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DRH 20160274


Mary E. King, 153 East Court Street, P.O. Box 70, Washington C.H., Ohio 43160, for plaintiff-appellee

Jeffrey A. McCormick, 122 South Main Street, Washington C.H., Ohio 43160, for defendant-appellant


**RINGLAND, J.**

{¶ 1} Respondent-appellant, Nicholas Hatfield, appeals a decision of the Fayette County Court of Common Pleas granting the petition of petitioner-appellee, Ashley Cornell, for a domestic violence civil protection order (DVCPO). For the reasons detailed below, we affirm.

{¶ 2} On November 4, 2016, Cornell filed for a DVCPO seeking protection from

Hatfield, who is her ex-boyfriend and the father of her daughter. Cornell alleged that Hatfield had confronted her fiancé, Jamie Mallow, at his place of employment and Hatfield began making threats to kill Cornell and break into her residence. The trial court granted an ex parte DVCPO and set the matter for a full hearing.

{¶ 3} At a hearing held on January 3, 2017 and February 28, 2017, both parties presented testimony as to the alleged altercation. Hatfield denied that any such altercation had ever occurred.

{¶ 4} Following the hearing, the trial court determined that Hatfield had committed domestic violence and issued a DVCPO. The protection order included Cornell and Mallow, as well as three of Mallow's children that resided in their shared residence, and Cornell's parents. Hatfield now appeals the decision of the trial court and raises two assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED IN GRANTING A DOMESTIC VIOLENCE CIVIL PROTECTION ORDER WHEN THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE ORDER.

{¶ 7} In his first assignment of error, Hatfield argues that there was insufficient evidence to support the issuance of the DVCPO and that the trial court erred by including additional parties in the order of protection. We find no merit to Hatfield's argument.

{¶ 8} A petition for a DVCPO is governed by R.C. 3113.31. *Crawford v. Brandon*, 12th Dist. Butler Nos. CA2013-08-150 and CA2013-08-151, 2014-Ohio-3659, ¶ 6. In order to obtain a DVCPO, the petitioner must prove by a preponderance of the evidence that the respondent has engaged in an act of domestic violence against petitioner or petitioner's family or household members. *Caramico v. Caramico*, 12th Dist. Clermont No. CA2015-03-025, 2015-Ohio-4232, ¶ 25.

{¶ 9} A trial court's decision to grant or deny a DVCPO will not be reversed where such decision is supported by the manifest weight of the evidence. *Kohus v. Daly*, 12th Dist. Clermont No. CA2015-05-042, 2016-Ohio-73, ¶ 43. Under a manifest weight challenge, this court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *Id.* A judgment will not be reversed as being against the manifest weight of the evidence where the judgment is supported by some competent, credible evidence going to all essential elements of the case. *Id.*

{¶ 10} Based on our review, we find the trial court did not error by granting the DVCPO. In the present case, the trial court heard evidence that Hatfield went to Mallow's place of employment, unleashed a verbal tirade, and then threatened to harm Mallow, Cornell, and members of the family. According to Mallow, Hatfield was extremely agitated and threatened:

> [Hatfield] [b]asically wanted me to just leave the house, step out of the way and if I didn't he was going to come in that night, kick the door down, and take out anybody that was in his way including my kids or myself so that he could kill [Cornell].

Mallow explained that Hatfield's threats were not limited to Cornell, Mallow, or his close family, but also Cornell's parents:

> Correct. Yes. She bla…he actually…[Hatfield] actually blamed [Cornell's] father for starting all of this and was going to kill him as well and then quote on quote [sic] "f--- his wife with a big dildo."

{¶ 11} Though Hatfield denies that he had any such outburst, and instead claims that he had a calm conversation with Mallow, the trial court as the trier of fact was in the best position to weigh the credibility of the witnesses. *Caramico*, 2015-Ohio-4232 at ¶ 29. Mallow testified that these threats occurred and the family's safety and security in their own home

- 3 -

was compromised. Mallow testified that he is still in fear that Hatfield will follow through on his threats. Cornell testified that she is scared for the safety of her whole house. Accordingly, we find the trial court did not err by issuing the DVCPO.

{¶ 12} Furthermore, we note that Hatfield takes exception to the fact that the trial court's order also included civil protection for Mallow, Mallow's children, and Cornell's parents. Hatfield contends that, aside from Cornell and her daughter, the remaining parties do not meet with definition of family or household members as defined in R.C. 3113.31(A)(3).

{¶ 13} Under the relevant statutes a petitioner may seek relief individually or may seek relief on behalf of a "family or household member." Under the CPO statute, "family or household member" is a legal term of art, as defined in R.C. 3113.31(A)(3). Pursuant to that provision, "family or household member" includes:

> (a) Any of the following who is residing with or has resided with the respondent:
>
> > (i) A spouse, a person living as a spouse, or a former spouse of the respondent;
> >
> > (ii) A parent, a foster parent, or a child of the respondent, or another person related by consanguinity or affinity to the respondent;
> >
> > (iii) A parent or a child of a spouse, person living as a spouse, or former spouse of the respondent, or another person related by consanguinity or affinity to a spouse, person living as a spouse, or former spouse of the respondent.
>
> (b) The natural parent of any child of whom the respondent is the other natural parent or is the putative other natural parent.

{¶ 14} In the present case, the record reflects that Cornell and Mallow are engaged to be married and reside in the same house. Mallow's children included in the protection order reside in the same house. The record also reveals that Cornell had previously resided with her parents who were family or household members. When Hatfield came to Mallow's place of employment, he not only threatened Cornell, but also threatened to "take out" anyone that

- 4 -

was in his way, including Mallow and his children. Hatfield also made specific threats against Cornell's parents, including the extremely graphic and disturbing threat against Cornell's mother. As this court has previously stated, "when issuing a civil protection order where domestic violence exists, the court is prompted to consider not only the petitioner but also the 'petitioner's family or household members.'" *Woolum v. Woolum*, 131 Ohio App.3d 818, 824 (12th Dist.1999). Thus, we do not find the trial court erred by including Mallow, Mallow's children, and Cornell's parents as protected parties. Hatfield's first assignment of error is overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE TRIAL COURT ERRED IN ADMITTING THE WRITTEN STATEMENT OF JAMIE MALLOW INTO EVIDENCE.

{¶ 17} In his second assignment of error, Hatfield argues the trial court erred by admitting Mallow's written statement into evidence. We find no merit to Hatfield's argument.

{¶ 18} "It is well-established that the admission or exclusion of evidence rests within the sound discretion of the trial court." *State v. Isham*, 12th Dist. Butler No. CA2013-07-123, 2014-Ohio-1689, ¶ 10. Absent an abuse of discretion, an appellate court will not disturb a trial court's ruling as to the admissibility of evidence. *Id.* Any error in the admission of hearsay is generally harmless when the declarant is cross-examined on the same matters and the seemingly erroneous evidence is cumulative in nature. *State v. Robinson*, 12th Dist. Butler No. CA2015-01-013, 2015-Ohio-4533, ¶ 30 ("[t]he admission of hearsay evidence is harmless error where it is merely cumulative"); *Moore v. Vandemark Co.*, 12th Dist. Clermont No. CA2003-07-063, 2004-Ohio-4313, ¶ 20.

{¶ 19} The record reveals that Hatfield's arguments involve a prior written statement that Mallow produced when reporting the incident to the Washington Court House Police Department. The written statement includes a recitation of Mallow's recollection of the event

and details some of the threats made by Hatfield. Though Mallow testified that he had made the written statement, the contents of the statement were not addressed at length during Mallow's testimony. Instead, Mallow recounted the events from his own memory. Hatfield's objection to this statement did not occur until the close of Cornell's case when Cornell sought to admit the document into evidence. Over Hatfield's objection, the trial court allowed Mallow's written statement to be entered into evidence.

{¶ 20} Following review, we find any prejudice on the admission of the written statement is harmless. This matter was tried to the bench and a trial court is presumed to know the applicable law and apply it accordingly. *State v. Cornish*, 12th Dist. Butler No. CA2014-02-054, 2014-Ohio-4279, ¶ 30. Unless it affirmatively appears to the contrary, the trial court is presumed to consider only reliable, relevant, and competent evidence. *State v. Lloyd*, 12th Dist. Warren Nos. CA2007-04-052 and CA2007-04-053, 2008-Ohio-3383, ¶ 28.

{¶ 21} The record does not affirmatively establish that the trial court relied on any improper testimony or any alleged hearsay that is contained within the prior written statement. The trial court's judgment entry makes no mention of any statement contained in that written statement that was not testified to at trial. Simply, there is nothing in the record to suggest that the written statement was relied on for any purpose. Furthermore, Mallow, as author of the written statement, was subject to cross-examination and the written statement was cumulative in nature. The allegation that Hatfield approached Mallow at his place of employment and went on a verbal tirade was well supported by the record and the reasons for seeking the order of protection were provided for in the record. As a result, we find that any error in the admission of the written statement was at most harmless. Therefore, we find Mallow's second assignment of error to be without merit and it is hereby overruled.

{¶ 22} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.