[Cite as *Hatfield v. Cornell*, 2018-Ohio-798.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

|  |  |  |
|---|---|---|
| NICHOLAS HATFIELD, | : | CASE NO. CA2017-05-011 |
| Plaintiff-Appellant, | : | O P I N I O N |
| | : | 3/5/2018 |
| - vs - | : | |
| | : | |
| ASHLEY CORNELL, | : | |
| Defendant-Appellee. | : | |

APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. AD20130494

Jeffrey A. McCormick, 122 South Main Street, Washington C.H., Ohio 43160, for plaintiff-appellant

Mary E. King, 153 East Court Street, P.O. Box 70, Washington C.H., Ohio 43160, for defendant-appellee

**S. POWELL, P.J.**

{¶ 1} Plaintiff-appellant, Nicholas Hatfield, appeals from the decision of the Fayette County Court of Common Pleas, Juvenile Division, ordering him to undergo hair follicle drug testing, as well as terminating a shared parenting plan and granting defendant-appellee, Ashley Cornell, custody of their daughter. For the reasons outlined below, we affirm.

{¶ 2} Hatfield and Cornell are the biological parents of one child, a girl, born on

February 21, 2013. Following their daughter's birth, it is undisputed the parties operated under a shared parenting plan that provided both Hatfield and Cornell with weekly parenting time. It is also undisputed that Hatfield has a history of drug use, including heroin, for which he underwent drug treatment and was prescribed Suboxone. Hatfield admittedly stopped taking his prescribed Suboxone against his doctor's advice in September of 2016.

{¶ 3} On November 2, 2016, Cornell messaged Hatfield and informed him that she would not allow him to take their daughter that day for his scheduled parenting time since she had seen his vehicle parked outside a house that had recently been subject to a search warrant that resulted in several people being arrested for drug possession.

{¶ 4} The following day, November 3, 2016, Cornell filed a motion requesting the juvenile court reallocate their parental rights and responsibilities, thereby terminating their shared parenting plan, and grant custody of their daughter to her. In support of this motion, Cornell alleged that Hatfield "is using drugs and has involved their daughter with known drug offenders." The record indicates that same day, Hatfield went to Cornell's fiancé's workplace, during which time Hatfield became very agitated and went on a verbal tirade making threats against Cornell, her parents, her fiancé, his children, and "anyone that got in his way."[1] This included threats that Hatfield would kill Cornell's father and "f--- his wife with a big dildo."

{¶ 5} On November 10, 2016, Cornell filed a motion requesting the juvenile court order Hatfield to undergo hair follicle drug testing, a request the juvenile court granted. Shortly thereafter, Hatfield filed a motion to vacate or modify the juvenile court's order requiring him to undergo hair follicle drug testing. In support of this motion, Hatfield claimed

---

1. This court affirmed the decision of the Fayette County Court of Common Pleas granting Cornell a domestic violence civil protection order against Hatfield as a result of this incident. *Cornell v. Hatfield*, 12th Dist. Fayette No. CA2017-03-006, 2018-Ohio-549.

Cornell's allegations that he was using drugs and exposing their daughter to known drug offenders was speculative at best since she "has no credible or supportable reason to suspect [him] of drug use." Nevertheless, although refusing to undergo hair follicle drug testing, Hatfield stated that he was "willing to submit to urine or blood testing as often as the Court deems it necessary to show that he is not currently using illegal substances." The juvenile court denied Hatfield's motion.

{¶ 6} On January 3 and February 28, 2017, the parties reconvened for a hearing on various motions then pending before the juvenile court. Following these hearings, the juvenile court issued a decision finding Cornell was justified in denying Hatfield his parenting time on November 2, 2016. The juvenile court further found that Cornell acted appropriately in requesting Hatfield undergo hair follicle drug testing since she had a reasonable suspicion that Hatfield may have been using drugs. The juvenile court then stated:

> [Hatfield's] behavior in the Courtroom on January 3, 2017 and February 28, 2017 was alarming to the court. He was very nervous, had several outbursts, would speak softly under his breath during his examination (not in response to any question) and while other witnesses were on the witness stand.

Concluding, since he had yet to submit to the required drug testing, the juvenile court again ordered Hatfield to promptly undergo hair follicle drug testing in accordance with its prior order. The juvenile court then granted Hatfield limited parenting time with his daughter, albeit under the supervision of Hatfield's mother and/or father. The juvenile court thereafter scheduled the matter for a full hearing on Cornell's motion to reallocate the parties' parental rights and responsibilities to be held on April 27, 2017.

{¶ 7} At the hearing, the juvenile court noted that although it had ordered Hatfield to promptly submit to hair follicle drug testing as part of its March 1, 2017 decision, Hatfield had just recently been tested three days before on April 24, 2017. Upon being so notified, the juvenile court stated that it had "very serious issues" with Hatfield's credibility

- 3 -

"throughout this entire proceeding." The juvenile court further stated that "[t]o purposely delay once again after being ordered to do it after we had the first fiasco, casts a lot of doubt on [Hatfield's] testimony and his credibility." Thereafter, upon both parties resting, the juvenile court notified the parties that it would take the matter under advisement and render a decision in due course.

{¶ 8} On May 9, 2017, the juvenile court issued a decision terminating the parties' shared parenting plan and granting custody of their daughter to Cornell. As part of this decision, the juvenile court found Hatfield had "willfully delayed submitting to [hair follicle drug testing] in order that the Court would not have the results at the hearing held on April 27, 2017." The juvenile court also found that Hatfield (1) had admittedly used heroin and marijuana in the past for which he underwent drug treatment; (2) was prescribed Suboxone that he then discontinued using against his doctor's advice; (3) was seen at a home that had recently been subject to a search that resulted in several people being arrested for drug possession; and, (4) "has threatened [Cornell] and other occupants of her residence," thus resulting in a domestic violence civil protection order being issued against him. Based on these findings, the juvenile court determined that it was in the child's best interest to terminate the parties' shared parenting plan and grant custody to Cornell, with Hatfield being awarded standard, supervised parenting time.

{¶ 9} Hatfield now appeals from the juvenile court's decision, raising two assignments of error for review.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT'S TERMINATION OF THE SHARED PARENTING PLAN AND AWARD OF CUSTODY TO APPELLEE WAS AN ABUSE OF DISCRETION.

{¶ 12} In his first assignment of error, Hatfield argues the juvenile court erred by terminating the shared parenting plan and granting custody to Cornell. In support of this

- 4 -

claim, Hatfield argues Cornell failed to produce sufficient evidence to support the juvenile court's decision that terminating the shared parenting plan and granting custody to her was in their daughter's best interest. We disagree.

{¶ 13} Based on the record properly before this court, we find the record contains ample evidence to support the juvenile court's decision that it was in the child's best interest to terminate the shared parenting plan and grant custody to Cornell.[2] As the juvenile court found, and as the record fully supports, Hatfield "willfully delayed submitting to [hair follicle drug testing] in order that the Court would not have the results at the hearing held on April 27, 2017," thus raising serious questions about his credibility. The record further supports the juvenile court's findings that Hatfield (1) admittedly used heroin and marijuana in the past for which he underwent drug treatment; (2) was prescribed Suboxone that he then discontinued using against his doctor's advice; (3) was seen at a home that had recently been subject to a search warrant that resulted in several people being arrested for drug possession; and, (4) "has threatened [Cornell] and other occupants of her residence," thus resulting in a domestic violence civil protection order being issued against him.

{¶ 14} While Hatfield claims these issues have been greatly exaggerated, as noted above, the juvenile court had significant, justifiable concerns regarding Hatfield's credibility "throughout this entire proceeding." As the trier of fact, the juvenile court was free to believe all, part or none of the witness testimony presented, including that from both Hatfield and Cornell. Therefore, under the facts and circumstances of this case, we find no error in the

---

2. Hatfield argues R.C. 3109.04(E)(1)(a) applies to this case, thereby requiring proof that a change of circumstances occurred before the shared parenting plan could be modified. However, because this case involves the termination of a shared parenting plan and not a modification of such a plan, it is R.C. 3109.04(E)(2)(c) that applies to this case. "[N]othing in R.C. 3109.04(E)(2)(c) requires the trial court to find a change of circumstances in order to terminate a shared parenting agreement." *Curtis v. Curtis*, 2d Dist. Montgomery No. 25211, 2012-Ohio-4855, ¶ 7. Therefore, in order to terminate a shared parenting plan, the juvenile court need only find that terminating the shared parenting plan is in the child's best interest. *A.S. v. D.G.*, 12th Dist. Clinton No. CA2006-05-017, 2007-Ohio-1556, ¶ 34.

juvenile court's decision to terminate the parties' shared parenting plan and grant custody to Cornell as such a decision was in the child's best interest. Accordingly, finding no error in the juvenile court's decision, Hatfield's first assignment of error is overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE TRIAL COURT'S ORDER FOR APPELLANT TO SUBMIT TO HAIR FOLLICLE DRUG TESTING WAS AN ABUSE OF DISCRETION.

{¶ 17} In his second assignment of error, Hatfield argues the juvenile court erred by ordering him to undergo hair follicle drug testing. As this court has stated previously, "[d]rug testing may be ordered or agreed to when the best interest of a child is at stake." *Raney v. Raney*, 12th Dist. Warren CA98-07-084, 1999 Ohio App. LEXIS 231, *7 (Feb. 1, 1999). In this case, when considering Cornell had a reasonable suspicion that Hatfield may have been using drugs, coupled with the fact that Hatfield himself admitted to using heroin and marijuana in the past, the juvenile court did not err by ordering Hatfield to undergo hair follicle drug testing. In so holding, we specifically reject Hatfield's claim that there was "no evidence upon which the court could have concluded that drug testing was necessary." Simply because Hatfield denied any recent drug use does not foreclose the possibility that such use had occurred, particularly when taking into account Hatfield's alarming behavior at the January 3 and February 28, 2017 hearings before the juvenile court. Therefore, finding no error in the juvenile court's decision, Hatfield's second assignment of error is also overruled.

{¶ 18} Judgment affirmed.

RINGLAND and HENDRICKSON, JJ., concur.