THE STATE OF OHIO, APPELLEE, *v.* TOMLINSON, APPELLANT.

(No. CA85-05-025 — Decided September 2, 1986.)

*James L. Flannery,* prosecuting attorney, for appellee.

*Kirby & Associates* and *Jeffery E. Richards,* for appellant.

CASTLE, J. This appeal arises from defendant-appellant's, Anthony Tomlinson's, conviction of two counts of rape of a nine-year-old female victim under former R.C. 2907.02(A)(3)[1] with specifications of a prior aggravated felony. Appellant cites four assignments of error on this appeal.

First, appellant states:

"The trial court erred in refusing to grant an evidentiary hearing on defendant's motion for a psychological examination of the victim."

Appellant summarizes the issue as follows:

"The refusal to grant an evidentiary hearing on a motion for psychological examination of a victim of a rape, in order to determine the basis and reasonableness of said motion, is an abuse of discretion."

Appellant submits that his counsel's investigation of the background of the victim revealed that she had a prior history of sexual encounters with older males and with boys younger than herself, in addition to certain forms of "erratic behavior"; and, accordingly, that concern for possible fabrication prompted counsel to file a motion for a psychological examination. Appellant argues that in view of counsel's preliminary findings, the court erred and abused its discretion in overruling the motion without an evidentiary hearing. Appellant asserts that the court's refusal to conduct an evidentiary hearing before ruling upon the motion was tantamount to a determination that psychological examinations should never be ordered under any circumstances. Appellant concedes that an examination should not be mandatory in every case, but urges that the refusal to first hear evidence on the issue equalled a refusal by the trial judge to exercise his discretion.

---

[1] R.C. 2907.02 was amended effective March 7, 1986. The current analogous section under which appellant was convicted is R.C. 2907.02(A)(1)(b).

On the other hand, appellee argues that the principles behind the rape victim shield law, R.C. 2907.02(D), were properly applied by the trial court for the protection of the witness-victim. Citing R.C. 2907.02(D), *State* v. *Ferguson* (1983), 5 Ohio St. 3d 160, 5 OBR 380, 450 N.E. 2d 265, and this court's opinion in *State* v. *Duff* (Dec. 31, 1984), Warren App. No. CA84-02-013, unreported, appellee argues that the trial court properly followed Ohio law and the state's interests in protecting a victim from harassment and in discouraging the unfortunate tendency in rape cases to try the victim rather that the alleged offender. The state urges that the case cited by appellant, *State* v. *Kingsley* (June 29, 1984), Warren App. Nos. CA83-07-046 & CA83-09-065, unreported, is distinguishable from the instant case and that appellant's counsel's investigation is of the very genre that the courts rejected in *Ferguson, supra,* and *Duff, supra.* Appellee contends that the record shows that the trial court properly found that the victim was capable of receiving just impressions of the facts and occurrences respecting the alleged crimes and was capable of relating them accurately and truthfully.

We find appellant's first assignment of error to be meritless. As this court stated in *Kingsley, supra,* at 6: "* * * the tenor of the rape statute — in particular R.C. 2907.02(D) — would seem to prohibit prying into a rape victim's background with respect to previous sexual experiences." In *Duff, supra,* this court held that requiring victims to undergo psychiatric evaluations prior to being permitted to testify violates the spirit of R.C. 2907.02(D) by subjecting the victim to an intense probing of his or her prior sexual experiences. The *Duff* panel noted that victims would be much less likely to report offending behavior, thus encouraging repetition by offenders. Citing *State* v. *Lee* (1983), 9 Ohio App. 3d 282, 9 OBR 497, 459 N.E. 2d 910, *Duff* construed the assignment of error therein as challenging the competency of young victims to testify as witnesses and noted that their competency is a matter within the sole discretion of the trial court.

In *Duff,* we found the record devoid of any basis for an assertion of incompetency, and we so find in the case *sub judice.* The record reveals, as appellee asserts, that the victim-witness was capable of receiving just impressions and of relating them in a truthful manner. Concern for fairness to a rape victim, in addition to the concern for discouraging repeat incidents of assaultive behavior by ensuring prompt reporting, requires this court, and indeed any court, to follow the spirit of the rape victim shield law. A challenge of abuse of discretion to the action of a trial judge in declining to conduct an evidentiary hearing on the merits of a motion such as appellant's simply cannot be sustained in view of those proper purposes.

This court also notes that there exists no mandatory, as opposed to persuasive, authority that a trial judge must accord a full evidentiary hearing on a motion for psychiatric hearing, where there may be some suspicion of a victim's ability to fabricate, but where the child is otherwise competent. We could also observe that the trier of fact — the jury — is no less able to sift truth from falsity simply because a witness is of tender years. While the court recognizes the position espoused by several treatise authors and scholars that psychological examinations should be mandatory for all complainants in sexual cases, nevertheless, we decline to extend this position to Ohio law.

It is also noted that no objection pertaining to this assignment was

made by counsel for appellant in the record. Thus, the court below properly acted in declining further hearing on the motion. The first assignment of error is hereby overruled.

Second, appellant states that:

"The trial court erred in prohibiting testimony concerning the victim's credibility and reliability of matters not falling under the purview of O.R.C. 2907.02(D)."

Appellant states the issue as:

"The rape shield statute, [R.C.] 2907.02(D), should be interpreted strictly against the state and giving a broader interpretation of the statute than the statute allows for is contrary to law and prejudicial to the accused."

As appellee states in its brief, this second assignment of error also seeks to attack the proper interpretation of the rape victim shield law, R.C. 2907.02(D), this time under the label of credibility. Appellant's counsel indicated to the trial judge that he desired to question the victim and other witnesses about the victim's past conduct of fondling herself, of pulling up her dress for neighborhood boys, and of her general behavior around males. Appellant argues that such questioning is not prohibited by R.C. 2907.02(D) because the conduct sought to be revealed in testimony is not technically "sexual conduct" or "sexual contact" — the only types of "sexual activity" prohibited under the statute. Appellant urges that R.C. 2901.04 requires that the rape victim shield law be interpreted liberally in his favor; therefore, the trial judge erred in prohibiting such questioning by counsel.

In opposition to appellant's position, appellee asserts that the introduction of such instances of the victim's past conduct would have had the impermissible effect of requiring the victim to defend herself and her character, an effect in direct contravention of the principles behind the statute. In essence, the evidence elicited by such questioning would have put the child on trial. Appellee points out that the type of conduct appellant sought to have brought out at trial had nothing to do with the victim's reputation for telling the truth and, thus, was outside the parameters of Evid. R. 608, which requires that impeachment may be effected by evidence as to character for truthfulness or untruthfulness. The rule does not provide for impeachment of reputation for truth-telling by evidence of a victim's past sexual conduct which tends to show that she may have the ability to fabricate a new but fictitious story.

Again, the court finds that the trial judge acted properly in considering the scope of the rape victim shield law and in preventing appellant's attempt to circumvent its principles. The trial judge committed no error, nor did he abuse his discretion in prohibiting the testimony sought to be elicited. This court declines to circumscribe the statute so narrowly as to permit the introduction of testimony which puts the victim on trial and which allows an attack on credibility in a manner beyond the scope of the rules of evidence. The second assignment of error is overruled.

For his third assignment of error, appellant states:

"The comments of the prosecutor in closing arguments were inappropriate and constituted misconduct which prejudiced appellant."

Appellant states the issue as follows:

"The references by the prosecutor to why the jury should return a verdict of guilty, to wit: sending a message to other child molesters, and putting appellant out of circulation, was [sic] improper and prejudicial."

In closing arguments, the pros-

ecutor made the following comments to the jury:

"We can't undo the damage that has been done to Ronda Kessling. That is going to be up to the counselors and psychologists and Children's Services and the Juvenile Court.

"There are two things we can do however, first of all, we can send a message to other child molesters that if you molest children in Warren County, you're going to be convicted, and you're going to be sentenced according to the law. The other thing that we can accomplish is we can put Anthony Tomlinson right there out of circulation so that there won't be any more child victims of him."

Appellant argues that asking a jury to return a verdict to send a message and to put an accused out of circulation is violative of the right to a fair trial. As appellee notes, however, no objection was made by counsel for appellant at trial. Thus, the standard for review is that of plain error.

This court is unable to find that the prosecutor's comments constitute plain error. Ohio case law holds that the state is accorded a fair degree of latitude in its closing remarks. See *State* v. *Liberatore* (1982), 69 Ohio St. 2d 583, 23 O.O. 3d 489, 433 N.E. 2d 561. Further, where the court is able to conclude that the comments about which a defendant complains were harmless beyond a reasonable doubt in light of the whole record, reversal of the conviction is not required. *State* v. *Zimmerman* (1985), 18 Ohio St. 3d 43, 18 OBR 79, 479 N.E. 2d 862; *State* v. *Smith* (1984), 14 Ohio St. 3d 13, 14 OBR 317, 470 N.E. 2d 883.

Such is the case herein. This court, affording the prosecution the permissible measure of latitude, concludes that in light of the record taken as a whole the comments were harmless beyond a reasonable doubt. The comments in no way rise to the level of plain error. The third assignment of error is overruled.

For his fourth and final assignment of error appellant states:

"The trial court erred to the prejudice of appellant when it admitted heresay [sic] testimony of the victim regarding her mother's statements to her."

Appellant claims that:

"Admission of heresay [sic] testimony, not otherwise admissible under evidence rules about the credibility of one of appellant's chief witnesses was error and materially prejudiced the outcome of the case."

Appellant argues that by allowing this hearsay in at trial, the trial judge denied him a fair trial inasmuch as the evidence could have destroyed the credibility of the mother-witness and irreparably damaged appellant's case. Appellant urges that "[i]t is beyond contemplation that in a case where credibility is of the utmost importance, such testimony could be considered 'harmless.' "

On the other hand, appellee argues that because the mother-witness was accorded a full opportunity to deny making any such statements in the defendant's case, the concerns over inadmissible hearsay — fears of attributing to absent declarants statements they can neither confirm nor deny — are inapplicable. Thus, appellee asserts that the admission of the hearsay was harmless.

The court finds this assignment of error to be without merit and it is overruled. As appellee notes, in *State* v. *Harris* (Mar. 2, 1984), Cuyahoga App. No. 47094, unreported, that court held that where a declarant is examined on the same matters as contained in impermissible hearsay statements and where admission is essentially cumulative, such admission is harmless. Assuming *arguendo* that the admission of the hearsay about which ap-

pellant complains herein was erroneous, the court finds that its admission was indeed harmless, given that the declarant was present in court and accorded the opportunity to deny having made the statements.

The judgment of conviction is hereby affirmed.

*Judgment affirmed.*

JONES, P.J., concurs.

HENDRICKSON, J., concurs separately.

CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.

HENDRICKSON, J., concurring separately. Although I concur in the opinion of Judge Castle, it is with reservation.

First, let me make it clear that I am as opposed to sexual abuse of children as is anyone, but I am troubled by the emphasis on the prosecution of those offenses. It seems that the general public as well as persons connected with law enforcement, and especially some prosecutors, have become overzealous in their prosecution of accused child abusers. In such a climate, what chance has an innocent person of acquittal if a vindictive, street-wise girl fabricates a rape charge against one who has disciplined her, or has denied her permission for a privilege, or has otherwise refused her demand? In a case where the only evidence is the testimony of the girl and that of the accused, how does the accused vindicate himself if he is in fact not guilty?

As I see it, the only way to protect the innocent, when the only available evidence is the testimony of the victim, is for the prosecutor to remain completely objective and unbiased until convinced of the truth of the allegations. After all, the prosecutor has a duty to protect the innocent and spare them unnecessary embarrassment, inconvenience and expense as well as a duty to prosecute the guilty. If the prosecutor errs, what then? Perhaps the General Assembly should reexamine the existing statutes pertaining to child abuse, together with the reported cases interpreting those statutes, for the purpose of determining what additional legislative action, if any, is warranted.