[Cite as *State v. Franklin*, 2016-Ohio-56.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No.    14AP0055 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| QUENTIN R. FRANKLIN | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | CASE No.    2014 CRC-1 000031 |

DECISION AND JOURNAL ENTRY

Dated: January 11, 2016

HENSAL, Presiding Judge.

{¶1}   Quentin Franklin appeals his convictions for gross sexual imposition in the Wayne County Court of Common Pleas.  For the following reasons, this Court affirms.

I.

{¶2}   The victim, E.B., was born on September 24, 2000, and is the second of three daughters to Mother and her first husband, Travis.  The couple divorced in May 2006.  Shortly thereafter, Mother began dating the defendant, Mr. Franklin.  Mr. Franklin moved into the family home within a few months and the couple ultimately married in 2010.

{¶3}   According to E.B., Mr. Franklin began molesting her in 2011.  The molesting started with Mr. Franklin touching her buttocks on the outside of her clothes, but escalated to touching her beneath her clothes, including inserting his fingers into her vagina, putting his mouth on her vagina, and touching her buttocks and breasts.

{¶4}    Mother testified that she first became aware of these incidents in June 2011 when J.B., her eldest daughter, found E.B.'s journal, which alluded to the sexual abuse. E.B. testified that she did not disclose the incidents to Mother because she feared it would break up her family. E.B. also testified that Mr. Franklin told her he would take away her phone if she told anyone, that her whole family would go to jail, and that she would be placed in foster care.

{¶5}    After Mother confronted Mr. Franklin about the alleged touching, Mr. Franklin left the family home for the night and stayed with his sister. According to Mother and E.B., when Mr. Franklin returned, he apologized for his actions and promised he would not do it again.

{¶6}    Almost one year passed before Mother became aware of any further incidents. At that time, E.B. told Mother that Mr. Franklin was touching her again and J.B., for the first time, told Mother that he had touched her buttocks. Mother confronted Mr. Franklin, who again left the family home and stayed with his mother for about a week. Mr. Franklin returned for a second time and remained in the family home until March 2013.

{¶7}    In March 2013, E.B. told Mother that Mr. Franklin was still touching her. After yet another confrontation, Mr. Franklin left the family home for the third and final time. As a result of these incidents, Mother and Mr. Franklin divorced in December 2013.

{¶8}    A grand jury indicted Mr. Franklin on twelve counts of criminal conduct based upon the allegations of sexual abuse made by his former step-daughters, E.B. and J.B. Mr. Franklin waived his right to a jury trial and the case proceeded to a bench trial.

{¶9}    After the State's case-in-chief, the defense made – and was granted – a Criminal Rule 29 motion as to four counts, which included counts for unlawful sexual contact with a minor and sexual imposition. At the conclusion of the bench trial, the trial court found Mr. Franklin guilty of two counts of gross sexual imposition based upon the allegations of E.B. The

trial court found Mr. Franklin not guilty of the remaining counts and sentenced him to two 36-month sentences to run concurrently.

{¶10} Mr. Franklin now appeals his convictions and raises four assignments of error.

II.

ASSIGNMENT OF ERROR I

THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A FINDING OF GUILT BECAUSE THE STATE FAILED TO PRESENT EVIDENCE TO ESTABLISH BEYOND A REASONABLE DOUBT THE ELEMENTS NECESSARY TO SUPPORT THE CONVICTIONS.

{¶11} Mr. Franklin argues that his convictions are not supported by sufficient evidence. Specifically, he argues that the State failed to present sufficient evidence to establish that he had sexual contact with E.B. for the purpose of sexual gratification of either person. Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶12} The trial court found Mr. Franklin guilty of two counts of gross sexual imposition under Revised Code Section 2907.05(A)(4). Section 2907.05(A)(4) prohibits sexual contact with a person less than thirteen years of age regardless of whether the offender knows the age of that person. "Sexual contact" is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast,

for the *purpose* of sexually arousing or gratifying either person." (Emphasis added.) R.C. 2907.01(B). "A person acts purposely when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature." R.C. 2901.22(A).

{¶13} Mr. Franklin argues that the State presented no evidence to establish that he acted with the purpose of sexually arousing or gratifying himself or E.B., and, therefore, that he did not have "sexual contact" with E.B. But as this Court has previously explained, "in the absence of direct testimony regarding sexual arousal or gratification, the trier of fact may infer a purpose of sexual arousal or gratification from the 'type, nature and circumstances of the contact, along with the personality of the defendant.'" *State v. Antoline*, 9th Dist. Lorain No. 02CA008100, 2003-Ohio-1130, ¶ 64, quoting *State v. Cobb*, 81 Ohio App.3d 179, 185 (9th Dist.1991).

{¶14} Here, E.B. testified that Mr. Franklin touched her numerous times over a two-year period. She testified that Mr. Franklin touched her breasts and buttocks, inserted his fingers into her vagina, and put his mouth on her vagina. E.B. further testified that he touched her mostly at nighttime when no one else was around. The trial court, as the trier of fact, was free to believe or disbelieve any or all of E.B.'s testimony. *State v. Just*, 9th Dist. Wayne No. 12CA0002, 2012-Ohio-4094, ¶ 42. Viewing this evidence in a light most favorable to the prosecution, the trial court could have reasonably inferred that Mr. Franklin touched E.B. for the purpose of sexually arousing or gratifying either himself or E.B. Therefore, the trial court did not err in finding that the State met its burden of proving the essential elements of gross sexual imposition beyond a reasonable doubt. Mr. Franklin's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶15} Mr. Franklin also argues that his convictions are against the manifest weight of the evidence. If a defendant asserts that a conviction is against the manifest weight of the evidence,

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Because Mr. Franklin waived his right to a jury trial, the trial court assumed the trier-of-fact function of the jury. *Cleveland v. Welms*, 169 Ohio App.3d 600, 2006-Ohio-6441, ¶ 16 (8th Dist.).

{¶16} Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *Thompkins*, 78 Ohio St.3d at 387. An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

{¶17} Mr. Franklin argues that his convictions are against the manifest weight of the evidence for the same reasons articulated in his sufficiency argument. Mr. Franklin also argues that the testimony of E.B. was not credible because she gave inconsistent accounts of what happened to Mother, a sexual abuse caseworker, a sexual assault nurse, and to the court at trial.

{¶18} E.B.'s testimony, however, was corroborated, in part, by the testimony of Mother and her sister, J.B. Additionally, Mr. Franklin's own testimony corroborated E.B.'s testimony

with respect to the relevant time frame as well as the confrontations he had with Mother regarding the abuse and related departures from the family home.

{¶19} "Credibility determinations are primarily within the province of the trier of fact." *Just*, 2012-Ohio-4094 at ¶ 42, citing *State v. Violett*, 9th Dist. Medina No. 11CA0106–M, 2012–Ohio–2685, ¶ 11. "The fact-finder 'is free to believe all, part, or none of the testimony of each witness.'" *Id.*, quoting *State v. Cross*, 9th Dist. Summit No. 25487, 2011–Ohio–3250, ¶ 35. Here, the trial court reviewed all of the evidence and assessed the credibility of the witnesses, including E.B., J.B., Mother, the sexual abuse caseworker, the sexual assault nurse, Mr. Franklin, his friend, and three of his family members. Having reviewed the record, we cannot say that the trial court clearly lost its way when it rejected Mr. Franklin's testimony, which presented a different version of the events than three other witnesses: E.B., J.B., and Mother. *See Thompkins*, 78 Ohio St.3d at 387. Mr. Franklin's convictions, therefore, are not against the manifest weight of the evidence. Mr. Franklin's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

> THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT FAILED TO EXCLUDE THE HEARSAY TESTIMONY OF [MOTHER] DESPITE THE FAILURE OF TRIAL COUNSEL TO OBJECT.

{¶20} Mr. Franklin next argues that the trial court committed plain error by failing to exclude certain testimony of Mother despite his trial counsel's failure to object. Specifically, he argues that the trial court erred in allowing Mother to relate what her daughters told her about the abuse and that the trial court relied on this alleged inadmissible testimony in finding Mr. Franklin guilty of two counts of gross sexual imposition.

{¶21} The State argues that Mother's statements regarding what E.B. told her were not hearsay because they were not offered to prove the truth of the matter asserted. Rather, they

were offered to establish a timeline of events and to explain how law enforcement became involved. The State further argues that, even if the statements were hearsay, they were cumulative of E.B. and J.B.'s testimony and, therefore, any error in failing to exclude them was harmless.

{¶22} The doctrine of plain error requires that there must be: (1) a deviation from a legal rule; (2) that is obvious, and; (3) that affects the appellant's substantial rights. *State v. Hardges,* 9th Dist. Summit No. 24175, 2008–Ohio–5567, ¶ 9. An error affects the appellant's substantial rights if it affected the outcome of the trial. *State v. Barnes,* 94 Ohio St.3d 21, 27 (2002). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long,* 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶23} Assuming, *arguendo*, that Mother's statements constituted hearsay under Evidence Rule 802 – and further assuming they did not fall within any of the exceptions provided under Rule 803 – Mr. Franklin has failed to demonstrate that any error in failing to exclude Mother's testimony affected the outcome of the trial. In this regard, "[w]hen hearsay testimony is essentially cumulative to a declarant's in-court testimony, any resulting error is harmless." *State v. Royston*, 9th Dist. Summit No. 19182, 1999 WL 1215297, *2 (Dec. 15, 1999), citing *State v. Tomlinson*, 33 Ohio App.3d 278, 281 (12th Dist.1986).

{¶24} E.B. testified that Mr. Franklin inappropriately touched her numerous times over a two-year period of time. She further testified that Mr. Franklin left the family home three times as a result of these incidents. Mother similarly testified that Mr. Franklin left the family home three times and recounted what E.B. told her about the sexual abuse. Because Mother's testimony was cumulative of E.B.'s in-court testimony, any resulting error was harmless and,

therefore, the trial court did not commit plain error. *See State v. May*, 3d Dist. Logan No. 8-11-19, 2012-Ohio-5128, ¶ 50 (holding that the trial court did not commit plain error by admitting allegedly hearsay statements because any error in admitting them was harmless).

**{¶25}** With respect to Mother's testimony regarding what J.B. – who also testified – told her, Mr. Franklin provides no authority or citations to the record indicating which statements he is referring to, or how these alleged hearsay statements affected the outcome of the trial. *See* App.R. 16(A)(7). The trial court, therefore, did not commit plain error in failing to exclude the alleged hearsay testimony despite his trial counsel's failure to object. Mr. Franklin's third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT OF DUE PROCESS BASED UPON INEFFECTIVE ASSISTANCE OF COUNSEL.

**{¶26}** In his final assignment of error, Mr. Franklin argues that his trial counsel was ineffective because he failed to object to Mother's testimony relating what E.B. and J.B. told her about the sexual abuse. He also argues that his counsel was ineffective for failing to object to the introduction of his video-recorded statement to the police, which, he argues, contained multiple hearsay statements.

**{¶27}** To prevail on a claim of ineffective assistance of counsel, Mr. Franklin must show: (1) that counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that there is a reasonable probability that, but for counsel's deficient performance, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).

**{¶28}** A deficient performance is one that falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the

syllabus. A court, however, "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 100 (1955).

{¶29} As discussed above, Mr. Franklin's trial counsel's failure to object to Mother's testimony regarding what her daughters told her about the abuse resulted in harmless error. Mr. Franklin, therefore, cannot establish that he was prejudiced, i.e., that the result of the trial would have been different, by his trial counsel's failure to object to Mother's testimony.

{¶30} Mr. Franklin further argues that his trial counsel's performance was deficient because he failed to object to the introduction of the deputy's analysis of Mr. Franklin's credibility and guilt, which was contained at the end of his video-recorded statement. After sound issues prevented the State from playing the video-recorded statement in open court, the trial judge agreed to view the video in private as part of his review of the evidence. At that time, Mr. Franklin's trial counsel requested that the trial judge not view the deputy's analysis of Mr. Franklin. Both the trial judge and the State explicitly agreed that the deputy's statements would not have been admissible at trial and, therefore, should not be viewed. Mr. Franklin, therefore, cannot establish that his trial counsel's conduct was deficient in this regard. To the extent that Mr. Franklin argues that his trial counsel's performance was deficient because he failed to object to the introduction of his video-recorded statement, Mr. Franklin has pointed us to no authority supporting his position, nor has he demonstrated prejudice. App.R. 16(A)(7). We decline to construct an argument on his behalf. Mr. Franklin's fourth assignment of error is overruled.

III.

**{¶31}** Mr. Franklin's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JENNIFER SCOTT, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.