[Cite as *State v. Fowler*, 2017-Ohio-438.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 15AP-1111 |
| v. | : | (C.P.C. No. 15CR-0593) |
| Latasha N. Fowler, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 7, 2017

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Michael P. Walton,* for appellee.

**On brief:** *Blaise G. Baker,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, Latasha N. Fowler ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas finding her guilty of felonious assault with specification, carrying a concealed weapon, and having a weapon while under disability. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On February 2, 2015, appellant Latasha N. Fowler was indicted under case No. 15CR-593, on two counts of felonious assault ("Counts 1 and 2"), with two specifications for displaying or brandishing a firearm; one count ("Count 3") of carrying a concealed weapon, and one count ("Count 4") of possessing a weapon while under disability. The alleged victims in the two counts of felonious assault were Chantel Gillespie in Count 1, and Staci Rogers in Count 2. (Indictment at 1-2.)

{¶ 3}    The case proceeded to trial on November 2, 2015, and the testimony showed that on December 20, 2014, appellant and a group of friends arrived at 361 North Monroe Avenue in Franklin County, Ohio to fight Chantel Gillespie.   Shortly after arriving, appellant handed her purse off to a friend and began to physically fight with Chantel.  The fight quickly escalated, however, and the police were called by members of the crowd.  As the fight continued, appellant retrieved a handgun from her purse and fired one shot into the air. Appellant then fired multiple shots at Chantel Gillespie and at the group of people watching.   The incident was recorded on a cell phone by an individual in the crowd, Bernard Barker. Four witnesses identified appellant as the shooter: Chantel Gillespie (Tr. Vol. 1 at 227), Ebony Gillespie (Tr. Vol. 1 at 75), Staci Rogers (Tr. Vol. 1 at 254), and Bernard Barker (Tr. Vol. 1 at 130-33).

{¶ 4}    Staci Rogers is the cousin of Chantel and Ebony Gillespie. (Tr. Vol. 1 at 247-49.)   While appellant and Chantel Gillespie were fighting with a large group of others present, Rogers engaged in an altercation with one of the other members of the group. (Tr. Vol. 1 at 248-54.)   At some point, Rogers heard gunshots and saw appellant chasing after and shooting at Chantel. (Tr. Vol. 1 at 254-55.) Rogers testified that eventually appellant turned and fired toward the crowd, which included Rogers. (Tr. Vol. 1 at 256.)

{¶ 5}    Ebony Gillespie (sister of Chantel Gillespie) testified that one day prior to the fight of December 20, 2014, i.e., on December 19, 2014, appellant and Chantel also got into a fight, to which the police also responded, because appellant stole her mother's ID and wrote checks using the stolen ID. (Tr. Vol. 1 at 68-70.) Chantel Gillespie also testified that somebody stole her mother's ID and that appellant used the ID to cash bad checks. (Tr. Vol. 1 at 222-23.)

{¶ 6}    Officer Pellegrini of the Columbus Police Department testified that, during the course of his investigation, he "received a name" of a possible suspect in the physical altercation of December 20, 2014. (Tr. Vol. 1 at 55.) Counsel for appellant objected when the state asked Pellegrini to state the name of the suspect he was provided at the scene. Counsel's objection was overruled by the trial court and Pellegrini testified that the name he was "given" was "Latasha." *Id.*

{¶ 7}    At the pretrial hearing, the defense made an oral motion in limine to prohibit the state's witnesses from "talking about what gave rise to this fight" that occurred on December 20, 2014. (Tr. Vol. 1 at 10.)   Appellant argued that testimony

concerning an ID that was allegedly stolen by appellant and/or her boyfriend was not relevant and was overly prejudicial. The state argued that the testimony regarding the ID "set the foundation" as to the reason and purpose behind the physical altercation. (Tr. Vol. 1 at 11.) The trial court denied the oral motion in limine.

{¶ 8}  During opening arguments, the state alleged that the physical altercation between appellant and Chantel arose out of an underlying dispute concerning allegations as to whether appellant illegally used an ID belonging to Chantel's mother. (Tr. Vol. 1 at 23-25.)

{¶ 9}  During closing arguments, the state told the jury that information concerning appellant's possible use of the allegedly stolen ID to cash bad checks was introduced at trial for the purpose of motive. (Tr. Vol. 2 at 343.)  The state argued that appellant's appearance at the home of Chantel, and the purpose of the subsequent physical altercation,  made more sense if the jury was aware of this back history between appellant and Chantel Gillespie. Appellant's counsel argued that the evidence of appellant's alleged use of the ID was introduced simply to make appellant appear to be a "bad person" and an attempt by the state to secure a conviction. (Tr. Vol. 2 at 320.)

{¶ 10} During jury instructions, the trial court stated that evidence of appellant's possible use of the ID card was admitted at trial, but that the jury could not consider that evidence to determine whether appellant committed any act alleged in the indictment. (Tr. Vol. 2 at 354.)  However, the trial court further stated that if the jury found from the evidence that appellant committed any of the acts in the indictment then the jury could consider "the evidence of the other act" as "bearing upon the Defendant's motive." (Tr. Vol. 2 at 355.)

{¶ 11} The jury returned a verdict finding appellant guilty of Count 1 of the indictment, felonious assault with specification, and guilty of Count 3 of the indictment, carrying a concealed weapon.  Appellant waived her right to a jury trial as to Count 4 of the indictment and elected to be tried by the trial court. The trial court found appellant guilty of Count 4 of the indictment, having a weapon while under disability.  The jury returned a verdict of not guilty as to Count 2 of the indictment, the felonious assault with specification charge that involved Staci Rogers. (Dec. 8, 2015 Jgmt. Entry at 1.)

{¶ 12} The trial court then imposed the following sentence: 2 years as to Count 1 of the indictment with an additional 3 years as to the firearm specification; 18 months as to

Count 3 of the indictment; and 12 months as to Count 4 of the indictment at the Ohio Department of Rehabilitation and Correction. All counts to be served concurrently with each other and with case No. 14CR-6707, but consecutively to the 3 year firearm specification. (Dec. 8, 2015 Jgmt. Entry at 2.)

## II. ASSIGNMENTS OF ERROR

{¶ 13} Appellant appeals, assigning the following errors:

> [I.] The trial court erred in denying Defendant-Appellant's Motion in Limine and allowing evidence that was inadmissible.

> [II.] The trial court committed reversible error when it allowed the Plaintiff-Appellee to produce hearsay testimony.

## III. STANDARD OF REVIEW

{¶ 14} Because a trial court's decision on a motion in limine is a ruling to admit or exclude evidence, the standard of review on appeal is whether the trial court committed an abuse of discretion that amounted to prejudicial error. *Gordon v. Ohio State Univ.*, 10th Dist. No. 10AP-1058, 2011-Ohio-5057, ¶ 82. A review under the abuse of discretion standard is a deferential review. It is not sufficient for an appellate court to determine that a trial court "abused its discretion simply because the appellate court might not have reached the same conclusion or is, itself, less persuaded by the trial court's reasoning process than by the countervailing arguments." *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, ¶ 14.

{¶ 15} "As with other evidentiary rulings, the determination whether hearsay statements are subject to exception rests within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion." *State v. Worth*, 10th Dist. No. 10AP-1125, 2012-Ohio-666, ¶ 20, citing *State v. Hand*, 107 Ohio St.3d 378, 2006-Ohio-18, ¶ 92. "[A] trial court has broad discretion in the admission of evidence, and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, an appellate court should not disturb the decision of the trial court." *State v. Issa*, 93 Ohio St.3d 49, 64 (2001). Thus, a "trial court has broad discretion to determine whether a declaration should be admissible as a hearsay exception." *State v. Dever*, 64 Ohio St.3d 401, 410 (1992).

## IV. ASSIGNMENT OF ERROR ONE

{¶ 16} Evidence Rule 404(B) states, in pertinent part:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

{¶ 17} The Supreme Court of Ohio, in *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, ¶ 20, set out a three-step analysis for the trial court to consider in admitting "other acts" evidence: (1) whether the other acts evidence is relevant under Evid.R. 401; (2) whether the other acts evidence is presented to prove a permissible purpose, such as those stated in Evid.R. 404(B), rather than to prove the character of the accused in order to show activity in conformity therewith; and (3) whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice under Evid.R. 403. *Id.* at ¶ 19-20. Under Evid.R. 404(B),"[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." The trial court, however, has "broad discretion" to admit "other acts" evidence for "other purposes," such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Williams* at ¶ 17.

{¶ 18} Appellant alleges that the trial court erred in denying her motion in limine and allowing evidence that was inadmissible, i.e., testimony concerning an ID card that was allegedly stolen from the victim's mother by appellant and/or her boyfriend, was not relevant and was overly prejudicial. Appellant argues that the state introduced this evidence to make appellant appear to be a bad person.

{¶ 19} Appellee alleges that because appellant did not renew her objection to the introduction of the ID theft testimony when the issue was reached during trial, she has waived all but plain error. Appellee argues that the evidence related to the alleged theft and/or use of Chantel's mother's ID was not "other acts" evidence and, thus, its admission is not subject to Evid.R. 404(B). In addition, the testimony was proper as it tended to meet many of the proper purposes enumerated by Evid.R. 404(B), particularly as proof of

appellant's motive and plan. Finally, the state notes that the jury was specifically instructed that it could not use the allegation as evidence of appellant's guilt.

{¶ 20} Appellant argues that the standard of review is abuse of discretion. The state argues that because appellant did not renew her objection at trial, she has waived all but plain error. *See State v. Humberto*, 196 Ohio App.3d 230, 2011-Ohio-3080, ¶ 28 (10th Dist.). Because we find that under either standard of review, the trial court did not commit reversible error, we decline to address this issue.

{¶ 21} We find that the testimony related to the ID card was relevant, intrinsic evidence related to the motive for the altercation between appellant and Chantel. As such, the evidence was not "other acts" evidence, and thus its admission is not subject to Evid.R. 404(B). *See State v. Rocker*, 10th Dist. No. 97AP-1341 (Sept. 1, 1998), quoting *United States v. Manning*, 79 F.3d 212, 218 (1st Cir.1996) (" 'Evidence intrinsic to the crime for which the defendant is on trial * * * is not governed by Rule 404(b).' "). "The listed exceptions within Evid.R. 404(B) are not exclusive, and 'other acts' evidence not fitting within the enumerated categories may be admissible so long as the evidence is admitted for any proper purpose other than proving the defendant's propensity to act and conformity with a particular trait of his character." *Rocker* at 18, citing *State v. Smith*, 49 Ohio St.3d 137, 140 (1990). In the present case, the state made no effort to prove that appellant was acting in conformity with the alleged past conduct of writing bad checks.

{¶ 22} The testimony indicated that the victim believed that appellant and/or the appellant's boyfriend, with whom the victim had also had a relationship, stole her mother's ID card and that appellant used the same to write bad checks. Appellant vigorously denied this allegation and stated at the sentencing hearing that the conflict was over "a guy." (Tr. Vol. 2 at 402.) Whether the "theft" allegation is true or not, and no evidence was presented at trial in this regard, it did, at least partially, explain the conflict between the victim and appellant. Indeed, the uncontroverted testimony indicated that the alleged theft and use of the ID card of Chantel's mother explained the tension between the victim and appellant. Thus, the testimony was proper as it tended to meet the proper purposes enumerated by Evid.R. 404(B), particularly as proof of appellant's motive and plan.

{¶ 23} Even if there was some error in admitting the testimony, the jury was specifically instructed that it could not use the allegation as evidence of appellant's guilt.

A jury is presumed to have followed the instructions given to it by the court. *State v. Proby*, 10th Dist. No. 14AP-1067, 2015-Ohio-3364, ¶ 49; *State v. Mammone*, 139 Ohio St.3d 467, 2014-Ohio-1942, ¶ 147. Because there is nothing in the record to the contrary, it must be presumed that the jury followed the instruction and did not consider the testimony in determining appellant's guilt.

{¶ 24} Even if the instruction had not been given, the jury's split verdict (not guilty as to the felonious assault charge regarding the victim's cousin, Staci Rogers) shows that any potential error would be considered harmless, as it had no demonstrable effect on the verdict. Surely, as appellant argues, if the jury wanted to punish her for uncharged conduct, she would have been convicted of every single charge in the indictment. Furthermore, in *Columbus v. Phillips*, 10th Dist. No. 15AP-408, 2015-Ohio-5088, ¶ 40, we found that an improper evidentiary admission under Evid.R. 404(B) may be deemed harmless error on review when, after the tainted evidence is removed, the remaining evidence is overwhelming. The evidence in this case is overwhelming. The reference to the ID card was overshadowed by the testimony and evidence related to the actual incident, particularly the four unrebutted eyewitness identifications of appellant as the shooter, and the cell phone video of the incident.

{¶ 25} The trial court did not abuse its discretion or commit plain error in allowing testimony concerning the alleged theft and use of an ID card. Accordingly, appellant's first assignment of error lacks merit and should be overruled.

## V. ASSIGNMENT OF ERROR TWO

{¶ 26} Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). " 'Pursuant to Evid.R. 802, hearsay is inadmissible unless it falls within an exception provided by the rules of evidence.' " *State v. Canada*, 10th Dist. No. 14AP-523, 2015-Ohio-2167, ¶ 27, quoting *State v. L.E.F.,* 10th Dist. No. 13AP-1042, 2014-Ohio-4585, ¶ 5.

{¶ 27} Appellant alleges that the trial court committed reversible error when it allowed the state to produce hearsay testimony, i.e., Pellegrini's testimony that at the beginning of his investigation he received the name "Latasha" as a possible suspect. Appellant argues that the state did not purport to offer Pellegrini's testimony for the limited purpose of questioning the course of the police proceedings. Appellant claims that

Pellegrini's testimony was clearly prejudicial hearsay that was improperly admitted by the trial court. In addition, appellant states that Pellegrini's identification testimony was offered for the truth of the matter asserted (i.e. that appellant was the suspect), and the testimony had the potential for misunderstanding by the jury.

{¶ 28} The state argues that the challenged testimony was not hearsay and the trial court committed no error in admitting the challenged testimony. The state makes the argument that the testimony was offered to show the progression of Pellegrini's preliminary investigation on December 20, 2014.  Even if the statement could be considered hearsay, appellant's argument still lacks merit because the source of the "statement" was Ebony Gillespie. (Tr. Vol. 1 at 51.)  Ebony testified and was subjected to cross-examination. Appellant could have confronted Ebony concerning the identification. Therefore, even if there was some type of error in admitting the testimony, it must be considered harmless. Second, Pellegrini's testimony that he learned the first name "Latasha" did not somehow improperly "suggest" or "inform" the jury that appellant was the shooter. Third, appellant cannot establish the type of prejudice that would have required the testimony to be excluded under Evid.R. 403(A).

{¶ 29} We agree with appellee. The testimony was offered to show the progression of the officer's preliminary investigation. Where out-of-court statements were offered to explain a police officer's conduct while investigating a crime, rather than to prove the truth of the matter asserted therein, such statements were not hearsay. *State v. Blevins*, 36 Ohio App.3d 147, 149 (10th Dist.1987), citing *State v. Thomas*, 61 Ohio St.2d 223, 232 (1980).  The officer's testimony that he learned the first name "Latasha" did not somehow improperly "suggest" or "inform" the jury that appellant was the shooter.

{¶ 30} Further, the testimony was a clarification to his earlier testimony concerning what he learned as a result of speaking with the declarant, Ebony Gillespie. (Tr. Vol. 1 at 50-51.)  It must be noted that appellant had no objection to the earlier testimony that Ebony provided Pellegrini with a name of a suspect. Ultimately, because the testimony was not offered for its truth, it cannot be considered hearsay. Even if the statement could be considered hearsay, appellant's argument still lacks merit because the source of the "statement" was Ebony. (Tr. Vol. 1 at 51.) Ebony testified and was subjected to cross-examination. Appellant could have confronted Ebony concerning the

identification.  As the court stated in *State v. Sims*, 12th Dist. No. CA2007-11-300, 2009-Ohio-550, ¶ 17:

> [I]n those cases "where a declarant is examined on the same matters as contained in impermissible hearsay statements and where admission is essentially cumulative, such admission is harmless." *State v. Tomlinson* (1986), 33 Ohio App.3d 278, 281, 515 N.E.2d 963. Thus, so long as the declarant is present in court, and is accorded the opportunity to deny having made the statements, admission of an impermissible hearsay statement is harmless error. *Id.*

{¶ 31} Also, appellant cannot establish the type of prejudice that would have required the testimony to be excluded under Evid.R. 403(A).  Evid.R. 403(A) requires a danger of "unfair prejudice" or a danger of "misleading the jury." Indeed, appellant cannot show that Pellegrini's testimony that he was given the name "Latasha" created any danger of unfair prejudice, confusion of the issues, or misleading the jury. Appellant was identified as the shooter by four eyewitnesses without any rebuttal witnesses. There can be no unfair prejudice in allowing the officer to testify that he learned the name "Latasha" as a result of his investigation. Any rational juror would conclude that appellant's name must have come up at some point in the investigation, given that she was eventually charged by the grand jury and is on trial before them. To suggest the police investigation determined she was a suspect did not advise the jury of anything it did not know at that point in the trial.  *See State v. Chavis*, 10th Dist. No. 96AP-508 (Dec. 26, 1996).

{¶ 32} Based on the foregoing, no error occurred in admitting the officer's testimony concerning the name of the suspect he learned from Ebony Gillespie, who was subject to cross-examination. Accordingly, the trial court did not abuse its discretion and appellant's second assignment of error is overruled.

## VI. DISPOSITION

{¶ 33} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and BRUNNER, JJ., concur.