[Cite as *State v. Blair*, 2015-Ohio-3604.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 26256 |
| | : | |
| v. | : | Trial Court Case No. 12-CR-3714 |
| | : | |
| WILLIAM L. BLAIR, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of September, 2015.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by DYLAN SMEARCHECK, Atty. Reg. No. 0085249, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

AMY E. FERGUSON, Atty. Reg. No. 0088397, Ferguson Law Office, LLC, 130 West Second Street, Suite 1818, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

**{¶ 1}** William L. Blair, Jr. appeals from his conviction and sentence following a jury trial on one count of falsification to obtain a concealed handgun license, a fourth-degree felony.

{¶ 2} Blair advances two assignments of error. First, he alleges a violation of his right to a speedy trial. Second, he claims the trial court violated his constitutional right to compulsory process by refusing to allow a judge to testify as a witness for the defense.

{¶ 3} The charge against Blair stemmed from a November 2012 concealed-carry application he submitted to the Montgomery County Sheriff's Office. In the signed application, Blair provided negative answers to questions about whether he had been adjudicated a delinquent child for an act that would be a felony if committed by an adult, whether he had been convicted of a felony drug offense, and whether he had been convicted of resisting arrest during the preceding ten years. The February 26, 2013 indictment against Blair alleged that his responses to these questions were knowingly false.

{¶ 4} Blair was arrested on February 28, 2013 and was released on bond on March 5, 2013. His case initially was assigned to Judge Steven Dankof. On August 27, 2013, Judge Dankof issued an order requiring Blair to undergo a competency examination. (Doc. #26). He later issued the same order again on October 28, 2013. (Doc. #37). After several continuances requested by the defense, the trial court held a January 9, 2014 competency hearing and reviewed a competency report. On January 13, 2014, it found Blair competent to stand trial. (Doc. #47).

{¶ 5} On May 9, 2014, Blair moved to dismiss the indictment against him based on a violation of his statutory and constitutional right to a speedy trial. (Doc. #59). Thereafter, the case was referred to visiting Judge William Wolff for the purpose of conducting a jury trial. (Doc. #61, 63). On the morning of trial, Judge Wolff orally overruled the speedy-trial motion. (Tr. at 4-8). Judge Wolff also overruled a defense motion to allow Judge Dankof to

be called as a witness to testify about his prior observations of Blair trying to read court documents. (*Id.* at 94). The defense wanted to use Judge Dankof's testimony to support an argument that Blair did not knowingly make false statements on the concealed-carry application because he had difficulty reading. After hearing argument, the trial court overruled the motion. (*Id.* at 99). The jury subsequently found Blair guilty, and the trial court imposed a 12-month prison sentence. (Doc. #68, 72).

{¶ 6} In his first assignment of error, Blair challenges the trial court's rejection of his speedy-trial argument. The sole issue he raises is whether speedy-trial time was tolled during the delay related to the competency examination. Thus, he apparently concedes that there was no statutory or constitutional speedy-trial violation if the speedy-trial clock did not run during this period of delay. He argues, however, that speedy-trial time was not tolled because neither he nor the State had requested a competency examination.

{¶ 7} Upon review, we find Blair's argument to be unpersuasive. Although the record does not reveal what precipitated the concern about his competence, he does not suggest on appeal that this concern was entirely unfounded or contrived. We note too that the trial court's first order for a competency examination on August 27, 2013 stated that defense counsel had "raised the issue of his competence to stand trial." (Doc. #26). The trial court's second order for a competency examination included the same language. (Doc. #37). At defense counsel's request, a hearing on the matter was rescheduled several times. (Doc. #29, 35, 36, 38-41, 43). The hearing ultimately was held on January 9, 2014, and the trial court found Blair competent on January 13, 2014. (Doc. #49).

{¶ 8} Regardless of who initially raised the issue of Blair's competence, we conclude that speedy-trial time was tolled between August 27, 2013, when the trial court

first ordered a competency examination, and January 13, 2014, when the trial court found him competent to stand trial. Under Ohio law, the time within which an accused must be brought to trial is extended by "[a]ny period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined[.]" R.C. 2945.72(B). In addition, under R.C. 2945.37(B), the prosecutor, the defense, or the trial court sua sponte may raise the issue of a defendant's competence to stand trial.

{¶ 9} Here, when the trial court filed its August 27, 2013 order for Blair's competence to be determined, speedy-trial time was tolled by R.C. 2945.72(B). It remained tolled until the trial court determined his competence on January 13, 2014. *State v. Palmer*, 84 Ohio St.3d 103, 106-107, 702 N.E.2d 72 (1998). This is true even if, as Blair suggests, the trial court raised the issue of his competence sua sponte. *State v. Nottingham*, 7th Dist. Belmont No. 05BE39, 2007-Ohio-3040, ¶ 16; *State v. Simpson*, 11th Dist. Lake No. 93-L-014, 1994 WL 587896, *16 (Sept. 30, 1994). Because speedy-trial time was tolled while Blair's competence was being determined, his argument lacks merit. The first assignment of error is overruled.

{¶ 10} In his second assignment of error, Blair contends the trial court violated his constitutional right to compulsory process by refusing to allow Judge Dankof to testify as a witness for the defense. This issue arose during a discussion between the trial court and counsel after the jury was chosen and before opening statements. Defense counsel raised the issue by moving to be allowed to call Judge Dankof as a witness. (Tr. at 94). Specifically, defense counsel stated that he wanted Judge Dankof to "testify with regards to his observations when he saw Mr. Blair attempting to read some court documents"

before the case was transferred to Judge Wolff. (*Id.).* The prosecutor objected on several grounds: (1) an expert would be needed to testify about whether someone can read, and Judge Dankof was not an expert in that area; (2) in the earlier proceedings Judge Dankof had opined that Blair seemed to be having trouble reading, not that Blair could not read; and (3) Evid.R. 605 precluded the judge presiding at trial from testifying as a witness. (*Id.* at 96). Defense counsel responded that he did not want Judge Dankof to testify as an expert witness. He simply wanted to call the judge, as a lay witness, to testify about what he had observed. Defense counsel also argued that Evid.R. 605 had no applicability because Judge Dankof no longer was presiding over the case. (*Id.* at 98).

**{¶ 11}** After hearing the parties' arguments, the trial court held that Judge Dankof could not be called as a witness, reasoning:

The Court is going to take a view of that Judge Dankof not be called as a witness. I am aware of the [belief] of Judge Dankof, which I think is a reasonable one, that he's not really an expert on the area of whether or not people can read or write. I'm not so sure about whether or not the rule that Judge Dankof has been the presiding judge pertains now that the case has been transferred to me. But I do think that his lack of expertise in the area is such that he is simply not qualified.

And, finally, I take note of the fact that Mr. Blair was offered the opportunity to have some sort of expert opinion as to his abilities to read and write and has rejected that offer. So the motion to call Doc – the motion to call Judge Dankof will be overruled.

(*Id.* at 98-99).

{¶ 12} Upon review, we see no abuse of discretion in the trial court's decision. As a threshold matter, it is questionable whether the issue was preserved for appellate review. Defense counsel's motion for permission to call Judge Dankof as a witness was in essence a pretrial motion in limine. "A motion made before opening statements regarding the admissibility of evidence is a motion in limine." *State v. Wayne*, 2d Dist. Montgomery No. 25243, 2013-Ohio-5060, ¶ 26, fn. 1, citing *State v. Wilson*, 2d Dist. Montgomery No. 24577, 2012-Ohio-3098, ¶ 46-48. "The denial of such a motion generally may not be challenged on appeal. An objection must be made during trial when the evidentiary issue arises." *Id.*, citing *State v. Brown*, 38 Ohio St.3d 305, 311-312, 528 N.E.2d 523 (1988). Here defense counsel did not raise the issue again during trial.

{¶ 13} In any event, Evid.R. 103(A)(1) provides that "[e]rror may not be predicted upon a ruling which admits or excludes evidence unless a substantial right of the party is affected and * * * [i]n case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context[.]" Here Blair did not proffer Judge Dankof's proposed testimony, and its substance is not clear from the record. As noted above, in earlier proceedings, Judge Dankof apparently had some prior interaction with Blair and had observed him reading something. That interaction is not part of the record. Also missing from the record are the actual comments that Judge Dankof made when observing Blair. The State represented to the trial court that Judge Dankof had remarked about Blair seeming to have trouble reading, but the record is devoid of evidence on that point. Moreover, the record provides no context for any comments that Judge Dankof may have made. For its part, the trial court seemed to believe Judge Dankof would be called to testify about whether Blair actually could read.

Absent more information in the record establishing the substance of Judge Dankof's proposed testimony, Evid.R. 103(A)(1) precludes Blair from predicating error on the trial court's ruling.

{¶ 14} Finally, Evid.R. 103(A)(1) also precludes Blair from predicating error on the trial court's ruling because the ruling did not affect his substantial rights. In other words, any error in the trial court's ruling was harmless, assuming arguendo that the trial court should have allowed Judge Dankof to testify. *See, e.g.*, *State v. Morris*, 141 Ohio St.3d 399, 2014-Ohio-5052, 24 N.E.3d 1153, ¶ 23 (recognizing that an error is harmless and shall be disregarded if it is non-prejudicial and, therefore, does not affect a defendant's substantial rights); *see also* R.C. 2945.83(C) (requiring a showing of prejudice before a judgment of conviction may be reversed due to the exclusion of evidence offered for the accused).

{¶ 15} Here we find that the exclusion of Judge Dankof's testimony did not have any impact on the jury's verdict. It appears that Judge Dankof would have testified about his observations of Blair having difficulty reading for some reason. Even if this is true, such testimony would not have undermined the State's case. Blair was convicted of knowingly making false statements on an application for a concealed-carry license. At trial, the State presented evidence that he falsely provided negative answers to questions about whether he had been adjudicated a delinquent child for an act that would be a felony if committed by an adult, whether he had been convicted of a felony drug offense, and whether he had been convicted of resisting arrest during the preceding ten years. Blair apparently wanted to use Judge Dankof's testimony about him having difficulty reading to support an argument that his answers on the application were not knowingly

false. When questioned by police after submitting his application, however, Blair did not attribute his false responses to reading problems. Rather, he claimed an attorney had advised him that juvenile adjudications would not count against him. He also argued that he believed he had been rehabilitated in juvenile court. (Tr. at 152-153). With regard to a more recent adult criminal conviction, Blair claimed he did not feel he needed to answer the question about it affirmatively because he was not guilty of the offense despite his conviction. (Id. at 154). Blair never indicated to the investigating officer that he had not read the application or that he did not understand it. (*Id.* at 155). Consequently, we are unpersuaded that exclusion of the testimony from Judge Dankof was prejudicial to Blair. The second assignment of error is overruled.

{¶ 16} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . .

FAIN, J., and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Dylan Smearcheck
Amy E. Ferguson
Hon. William H. Wolff, Jr.