[Cite as *State v. Ramsden-Cooke*, 2024-Ohio-4833.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-02-005 |
| | : | O P I N I O N |
| - vs - | | 10/7/2024 |
| | : | |
| STANLEY EDWIN RAMSDEN-COOKE, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT
Case No. 2023CRB000412 and 2023CRB000413

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Stanley Ramsden-Cooke, pro se.

**PIPER, J.**

{¶ 1} Appellant, Stanley Ramsden-Cooke, appeals his conviction in Warren County Court for two counts of criminal trespass.[1] Appellant's conviction stemmed from allegations that he was trespassing on his neighbor's property by mowing an area of land

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

that belonged to the neighbor.

{¶ 2} In July 2023, appellant was charged in separate complaints with two counts of criminal trespass, a fourth-degree misdemeanor. The matter proceeded to a bench trial where appellant represented himself pro se. During trial, the state presented testimony from a professional surveyor, appellant's neighbor, and the responding law enforcement officer.

{¶ 3} The testimony revealed that in October 2022, Mr. and Mrs. Cox purchased a house on property abutting appellant's property. In spring of 2023, the Coxes noticed that appellant was planting trees on their property. At that point, Mr. Cox spoke with appellant, and discovered there was a disagreement regarding the property lines. As a result of the disagreement, the Coxes hired a surveyor to locate the property lines.

{¶ 4} The professional surveyor testified that he had been a surveyor for 50 years and owned Cosler Engineering. In March 2023, the Coxes hired Cosler Engineering to locate their property lines. The survey was completed in May 2023, and detailed the property lines of appellant's property at 9153 Yankee Road, i.e., Lot 2 of Ransom Meadows, and the Cox property at 9125 Yankee Road, i.e., Lot 1 of Ransom Meadows. Exhibits of the drawings concerning Lots 1 and 2 of Ransom Meadows were admitted into evidence, as were screenshots taken from the Warren County Auditor's website. According to the surveyor, the information from the auditor's website matched the drawings and survey prepared by Cosler Engineering. Mrs. Cox also confirmed the survey results matched her understanding of the property lines.

{¶ 5} On cross-examination, the surveyor acknowledged that the drawings prepared by Cosler Engineering did not match a plot plan presented at trial by appellant. However, the surveyor explained that the plot plan presented at trial by appellant was not "an official plat line or a survey drawing." Thus, the surveyor unequivocally testified that

the survey prepared by Cosler Engineering was accurate.

{¶ 6} As part of the survey, Cosler Engineering placed stakes as physical markers to delineate the property line. One day, Mrs. Cox watched appellant remove the survey stakes. Mrs. Cox informed appellant that the Coxes had paid to have the survey done to clearly mark the property lines and asked for the stakes to be returned to her or replaced on the property lines. Appellant did neither and instead responded by "yelling at [Mrs. Cox] that [she] didn't know where the property lines were." As a result, Cosler Engineering returned to the property to reset the stakes that had been removed.

{¶ 7} In Mrs. Cox's opinion, appellant was repeatedly mowing the disputed area of the lawn more often than was necessary, including one occasion where he mowed the lawn recently after Mr. Cox had mowed the same area. Mrs. Cox confirmed at trial that neither she nor her husband had ever given appellant permission to be on their property and that they were unaware of any agreement between the former owner of their home and appellant that allowed appellant to be on or to mow the property. However, despite marking the property lines, engaging in a conversation with appellant regarding the property lines, and involving law enforcement, Mrs. Cox observed appellant mowing a portion of her property on July 13, 2023. Mrs. Cox reported appellant to the police and took videos and photographs of him on her property, some of which were admitted into evidence at trial.

{¶ 8} A police corporal with the Clearcreek Township Police Department responded to the scene and took the Coxes' statements that day. Upon arriving, the corporal observed appellant mowing his lawn. The corporal parked his police vehicle in appellant's driveway in a prominent location and attempted to get his attention. Appellant ignored the corporal, which the corporal interpreted as a desire not to speak with law enforcement. The corporal then went to the Cox residence, where the Coxes showed the

corporal the property lines and evidence that recent mowing had occurred. As a result of his actions, appellant was charged with criminal trespass.

{¶ 9} Thereafter, on July 15, 2023, the Coxes made another complaint that appellant was mowing on their property. After arriving on the scene, the corporal observed appellant mowing a section of the yard on the Coxes' side of the survey stakes. The corporal approached appellant on foot, and appellant again attempted to avoid the corporal by changing the direction of his mowing. After catching up with appellant, the corporal instructed him to turn off the mower and to step off. After initially refusing, appellant ultimately stopped his mower after the corporal grabbed his arm and physically intervened. After refusing to step off his mower for approximately five minutes, appellant eventually stepped down and accepted service of the two complaints alleging criminal trespassing but stated that he disputed the property lines established by the Coxes. Appellant informed the corporal that he had not obtained his own survey due to a pending civil matter. Appellant further indicated that the Coxes' survey was illegal for unstated reasons. He further informed the corporal that he was starting to annoy him and threatened to file a complaint against the corporal for "not operating impartially."

{¶ 10} After the conclusion of the corporal's testimony, the state rested its case-in-chief. The state's exhibits were admitted without objection and appellant did not move the court for a Crim.R. 29 acquittal at that time. Prior to the presentation of appellant's case-in-chief, the state made a "blanket objection to [appellant's] witnesses testifying about any time or behavior prior to the Coxes occupying that property, as it is irrelevant." After discussion with the parties, the trial court sustained the state's continuing objection and ordered appellant not to discuss topics that could be relevant to his civil case but were unrelated to the criminal charges pending against him.

{¶ 11} With that restriction in place, appellant presented testimony from his wife,

who recalled the events leading up to the criminal trespass charges, including that a dispute had arisen over the mowing of the land. According to appellant's wife, the couple had been using the land in question since 2004 and appellant's defense to the charges was privilege. She further testified that she believed the matter was a civil land dispute, not a criminal one.

{¶ 12} After taking the matter under advisement, the trial court issued an order and entry finding appellant guilty as charged. The trial court sentenced appellant to suspended 30-day jail sentences and imposed three years of nonreporting probation and a $250 fine. A condition of probation was to stay off the disputed property at issue and to have no contact with the Coxes, except through their attorney.

{¶ 13} Appellant now appeals, raising five assignments of error for this court's review. For ease of analysis, we will discuss appellant's third, fourth, and fifth assigned errors together.

{¶ 14} Assignment of Error No. 1:

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY DENYING HIS MOTION TO ACQUIT.

{¶ 15} In his first assignment of error, appellant argues the trial court committed reversible error by denying his oral motion for acquittal. Specifically, he contends the trial court should have dismissed the case when it acknowledged that the case stemmed from a civil property dispute. We find no merit to this argument.

{¶ 16} As an initial matter, and as conceded by appellant in his reply brief, he did not move the trial court for an acquittal at the close of the state's case-in-chief. Instead, appellant orally moved the trial court, during his opening statement, to dismiss the charges. The trial court denied the motion.

{¶ 17} Crim.R. 12(C) provides that, "[p]rior to trial, any party may raise by motion

- 5 -

any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue." The rule then lists several issues that "must be raised before trial," including "[d]efenses and objections based on defects in the indictment, information, or complaint." Crim.R. 12(C)(2). Under this section, trial courts may judge before trial whether a complaint is defective and there is no set of circumstances under which such a person can violate the law's requirements. *State v. Swazey*, 2023-Ohio-4627, ¶ 23.

{¶ 18} When reviewing a trial court's decision regarding a motion to dismiss, this court applies a de novo standard of review, giving no deference to the trial court's decision. *State v. Myers*, 2019-Ohio-4914, ¶ 10 (12th Dist.). It is well settled that "[a] pretrial motion to dismiss can only raise matters that are 'capable of determination without a trial of the general issue.'" *State v. Certain*, 2009-Ohio-148, ¶ 4 (4th Dist.), quoting Crim.R. 12(C). A motion to dismiss a complaint pursuant to Crim.R. 12(C) challenges the sufficiency of the complaint without regard to the quantity or quality of the evidence to be produced by the state. *State v. Stout*, 2008-Ohio-161, ¶ 12 (3d Dist.), citing *State v. Patterson*, 63 Ohio App.3d 91, 95 (2d Dist. 1989).

{¶ 19} In this case, the allegations in the complaints were comprised of a recitation of the language of the criminal trespass statute. In his opening statement, appellant made an oral motion to dismiss the charges in the complaints. He argued that because he had accrued rights to the strip of land in dispute, his claim to the land should not be assessed or judged in a criminal trial. His motion to dismiss was based upon the premise that "it is an abuse of a penal statute relating to criminal trespass to use it to try disputed rights in real property."

{¶ 20} Appellant did not challenge the sufficiency of the allegations in the complaints. Instead, he argued that, because he had privilege to mow and maintain the

area of property at issue, none of his actions were criminal. In light of appellant's arguments, his motion was not "capable of determination without a trial of the general issue," thereby requiring the trial court to "look beyond the face of the complaint to the evidence and testimony that would be offered at trial." Crim.R. 12. That is, appellant's arguments necessarily required the trial court to look beyond the face of the complaint to the evidence and testimony that would be offered at trial, including whether appellant was privileged to enter the Cox property. Where a motion to dismiss requires examination of evidence beyond the face of the indictment to determine the general issue in the case, it must be presented as a motion for acquittal at the close of the state's case. *State v. Eppinger*, 2005-Ohio 4155, ¶ 36. As mentioned above, appellant did not do so. Consequently, we find that the trial court did not err in denying appellant's oral motion to dismiss the charges in this regard.

{¶ 21} Appellant argues that the trial court should have dismissed the case because it was a civil property dispute which should not be tried in a criminal court. However, unlike the case cited by appellant on appeal, the criminal case against him was not an attempt to abuse the process in order to settle a civil property dispute. *See Burgan v. Nixon*, 711 Fed. Appx. 855 (9th Cir. 2017). Instead, the charges were filed because despite the Coxes clarifying the property lines by use of a survey, appellant continued to enter the land.

{¶ 22} Appellant further appears to argue that he accrued a right to the property by adverse possession. However, appellant's legal right to property by way of adverse possession must be determined in a civil action.[2] The trial court's decision indicates that appellant filed a civil action in common pleas court, and the trial court in the criminal case

---

2. A claim of adverse possession is a method to acquire title to property; adverse possession impliedly acknowledges title to the property is with another.

granted a continuance at appellant's request so that the common pleas court could determine the merits of the civil claim. However, to his detriment, appellant represented himself pro se in the matter, and the case was dismissed.

{¶ 23} Finally, appellant also argues that his future civil case will be barred by the principle of collateral estoppel because the trial court tried a civil land dispute as criminal trespass. What arguments might be made, or evidence submitted, in a "future civil action," along with any rulings resulting are highly speculative and beyond our consideration. Furthermore, because the parties in the criminal case were not the same as the parties to any future civil litigation and because the issue of adverse possession was not decided in the criminal case, we find no merit to this argument. *See Farmer v. Bailey*, 2009-Ohio-5921, ¶ 11 (12th Dist.) (discussing the required elements for collateral estoppel).

{¶ 24} Accordingly, we find no error in the trial court's denial of appellant's oral motion to dismiss the case and appellant's first assignment of error is overruled.

{¶ 25} Assignment of Error No. 2:

> THE TRIAL COURT ERRED BY REFUSING TO ADMIT EVIDENCE OF APPELLANT'S WITNESS TESTIMONY AND STATEMENTS SUPPORTING APPELLANT'S CLAIM OF PRIVILEGE.

{¶ 26} In his second assignment of error, appellant argues that the trial court erred in sustaining the state's objection to witness testimony regarding "his historic, long-term use of the land and also his attempts to resolve the issue through the civil court and numerous offers of mediation." At the start of appellant's defense, the prosecutor objected to any witness testimony or evidence regarding the time prior to the Coxes' purchase of the property because it was not relevant to the trespassing charge. The trial court sustained the objection and informed appellant that although appellant believed he had a meritorious civil adverse possession claim, the case before the court was a criminal

one and the elements of adverse possession were irrelevant.

**{¶ 27}** In order to establish error based on the exclusion of evidence, *two* conditions must be met: (1) the exclusion of the evidence must affect a substantial right of the party *and* (2) the substance of the excluded evidence was proffered *or* was apparent from the context in which questions were asked. (Emphasis sic.) *State v. Conway*, 2006-Ohio-791, ¶ 113. If the excluded testimony does not have an impact on the verdict, it has not prejudiced the party's substantial rights. *State v. Blair*, 2nd Dist. Montgomery No. 26256, 2015-Ohio-3604, ¶ 14-15.

**{¶ 28}** "It is well-established that the admission or exclusion of evidence rests within the sound discretion of the trial court." *State v. Jones*, 2013-Ohio-654, ¶ 54 (12th Dist.); *Beard v. Meridia Huron Hosp.*, 2005-Ohio-4787, ¶ 20. Absent an abuse of this discretion, an appellate court will not disturb a trial court's ruling as to the admissibility of evidence. *State v. Issa*, 93 Ohio St.3d 49, 64, 2001-Ohio-1290; *State v. Isham*, 12th Dist. Butler No. CA2013-07-123, 2014-Ohio-1689, ¶ 10

**{¶ 29}** In this case, the trial court sustained the state's objection to any testimony or evidence regarding how the property was used prior to the Coxes' purchase of the land. As mentioned above, any right or privilege in the property beyond the established legal ownership needed to be determined in a civil action to establish those rights. Therefore, any witness testimony or evidence seeking to establish those rights in the criminal case would have had no impact on the outcome of the case and was therefore not relevant. Accordingly, we find no error in the trial court's determination to exclude the evidence. Appellant's second assignment of error is overruled.

**{¶ 30}** Assignment of Error No. 3:

> THE TRIAL COURT ERRED IN FINDING APPELLANT'S
> GOOD FAITH CLAIM OF PRIVILEGE WAS ERADICATED
> BY HIS PRIOR ACTIONS.

**{¶ 31}** Assignment of Error No. 4:

STATE FAILED TO PROVE APPELLANT DID NOT HAVE PRIVILEGE.

**{¶ 32}** Assignment of Error No. 5:

THE TRIAL COURT ERRED IN ITS GUILTY CONVICTIONS BECAUSE CRIMINAL INTENT WAS NOT PROVEN BY THE STATE.

**{¶ 33}** Appellant's third, fourth, and fifth assignments of error challenge the trial court's determination that he was guilty of criminal trespassing. In these assignments of error, he disputes statements made by the trial court in its written decision and contends that the state failed to prove that he did not have privilege to be on the land and did not prove criminal intent. Appellant's arguments in these assignments of error essentially challenge the sufficiency and manifest weight of the evidence.

**{¶ 34}** Whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52; *State v. Grinstead*, 2011-Ohio-3018, ¶ 10, (12th Dist.). When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Paul*, 2012-Ohio-3205, ¶ 9 (12th Dist.). Therefore, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

**{¶ 35}** Conversely, a manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 2012-Ohio-2372, ¶ 14 (12th

Dist.). To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed, and a new trial ordered. *State v. Tolle*, 2021-Ohio-3401, ¶ 10, (12th Dist.). An appellate court, therefore, will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *State v. McMurray*, 2021-Ohio-3562, ¶ 11 (12th Dist.).

**{¶ 36}** "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *Thompkins* at 386. Nevertheless, a determination that a conviction is supported by the manifest weight of the evidence is also dispositive of the issue of sufficiency. *State v. Estep*, 2022-Ohio-245, ¶ 18 (12th Dist.).

**{¶ 37}** In order to convict appellant of criminal trespassing, the state was required to prove that, without privilege to do so, appellant knowingly entered or remained on the land of another. R.C. 2911.21(A)(1). A person acts knowingly when, "regardless of purpose, the person is aware that [his] conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). "A person has knowledge of circumstances when the person is aware that such circumstances probably exist." *Id.*

**{¶ 38}** "Privilege is the distinguishing characteristic between unlawful trespass and lawful presence on the land or premises of another." *State v. Russ*, 2000 Ohio App. LEXIS 2759, at *8 (12th Dist. June 26, 2000). Privilege is "an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity." R.C. 2901.12(A)(12). "Where no

- 11 -

privilege exists, entry constitutes trespass." *State v. Lyons* (1985), 18 Ohio St. 3d 204, 206.

{¶ 39} Once again, appellant presents arguments that, at their core, relate to his belief that he accrued rights to the Coxes' property over time and usage. He contends that he had a "good faith" privilege to be on the property based on his accrued right and that he did not have criminal intent because he was on the land based on this privilege.

{¶ 40} However, the evidence presented at trial established that the Coxes legally owned the land and that they had not given appellant permission to mow on their property. Appellant was aware that the Coxes were not granting permission for him to be on their property based on previous discussions. The evidence at trial established that, although he disputed it based on his personal interpretation of property rights, appellant was aware of the legal ownership established by the survey stakes, yet knowingly chose to disregard these facts based on his own belief that he had an accrued right to the land. Once again, although appellant believes he accrued a privilege to the property, it was incumbent upon him to establish any right to the property through a civil action and he cannot rely on his own belief to circumvent legal ownership and enter the Coxes' property.

{¶ 41} Accordingly, we find that appellant's conviction was supported by sufficient evidence and was not against the manifest weight of the evidence. Appellant's third, fourth, and fifth assignments of error are overruled.

{¶ 42} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.